JACOB PATRICK *v.* ABRAHAM ADAMS AND WARREN ADAMS.

*Merger of contracts.　Arbitration.　Revocation.　Construction of submission.*

A bond cannot be altered or superseded by, or merged in a mere oral agreement.

Where by arbitration bonds the parties agreed to submit certain suits then pending between them, but by mistake one suit intended to have been referred with the rest was omitted, and the parties subsequently agreed by parol that the suit so omitted should also be referred, tried and determined with the others, and this agreement was subsequently revoked by one of the parties, *it was held* that the subsequent agreement did not merge or supersede the bond, and that its revocation was no justification for a revocation by the other party of the submission under the bonds.

*Semble*, that a submission of all matters and differences of every name, nature and description, and more especially of certain suits which are particularly specified, would include a suit pending but which was not specified with the others.

*Semble*, that in such a submission if there is a provision that the cases are to be decided according to law, and one of the suits is pending in a court of chancery, the law of that court in reference to that case would be understood.

DEBT on a bond for two hundred dollars dated May 29th, 1854. The defendants prayed oyer of the condition of the bond which was as follows:

"The condition of the above obligation is such that, whereas the said Abraham Adams and Jacob Patrick have agreed to submit and refer all matters and differences of every name, nature and description existing between them, and more especially cases numbered 67, 68, 69, 237, and 12, now upon the docket of Windsor county court, May Term, 1854, to the final award, determination and decision of * * *. * referees, mutually agreed upon by said parties, to be decided according to law and evidence, both as respects all damages claimed in said cases and the costs accrued and accruing on the same. Now, therefore, if the said Abraham Adams shall abide the award and decision of said referees in the above named suits and all matters in dispute between said parties, and shall pay to said Patrick all damages and costs awarded by said referees to be paid by said Abraham Adams, and any of the parties to the above numbered cases, to said Patrick in the matters in dispute so submitted, then this instrument to become void; otherwise in force and virtue."

The defendants then plead general performance; to which the plaintiff replied that the said Abraham Adams revoked the submission; and to this replication the defendants rejoined that "on the 29th day of May, 1854, and before the said supposed writing obligatory was pretended to be made or executed, it was mutually agreed between the said Jacob and the said Abraham, to submit all matters then in controversy between them, or in which they or either of them were interested, and all suits, as well those in chancery as at law, and especially those suits named in the condition of said supposed writing obligatory, and a suit then pending in the court of chancery in said Windsor county in favor of said Abraham against said Patrick, to the arbitrament, award and final determination of said *.* * and thereupon the said supposed writing obligatory was drawn up in which the said suit in chancery was, through mistake of the person who drew said writing, omitted; and the said Abraham supposing said writing was in all respects conformable to said agreement, signed the same and procured the said Warren to sign the same as surety; and afterwards, to wit, on the first day of July, 1854, at said Ludlow and before said arbitrators were notified of their said appointment, and before anything had

been done in the premises the said Abraham was informed of the mistake and omission of said suit in chancery in the condition of said writing, and therefore informed the said Patrick thereof, and also informed said Patrick that he could not and would not proceed with said arbitration under said writing, and the plaintiff thereupon assured the said Abraham that said arbitration should proceed and be determined in all respects according to their agreement as hereinbefore set forth, and that in consideration that said Abraham would permit said arbitration to proceed, and not revoke said submission, the plaintiff faithfully promised the said Abraham that he would correct the said writing, and include in said submission the said suit in chancery, or enter into an obligation in writing to that effect before said arbitrators should be called out to hear and decide said matters in controversy and said suits; and said defendants aver that, confiding in the promise and agreement of the plaintiff, as above stated, the said Abraham did not revoke said submission, but suffered the same to stand to be proceeded with as agreed between him and the plaintiff as above stated; and the defendants further aver that the said Abraham afterwards, to wit, at said Ludlow on the first day of September, 1854, and often thereafter, and long before said arbitrators appointed a time for hearing and deciding said controversies and suits, and before anything had been done in the premises, the said Abraham requested the plaintiff to correct said writing and include in said submission said suit in chancery, or to enter into an obligation in writing to that effect, but the plaintiff refused so to do, and insisted that the defendants should be bound by said writing obligatory as the same was originally drawn, and thereupon the plaintiff procured the said arbitrators to appoint a time and place for hearing and deciding said controversies and suits, and gave notice thereof to said Abraham, who immediately thereupon notified and informed the plaintiff that he, the said Abraham, for the reason aforesaid, should not proceed with said arbitration, and immediately thereupon notified said arbitrators thereof, and revoked said pretended submission, as he had a good and legal right to do for the cause aforesaid."

To this rejoinder the plaintiffs demurred. The county court,

December Term, 1856,— UNDERWOOD, J., presiding,— overruled the demurrer and adjudged the rejoinder sufficient ; to which the plaintiff excepted.

*S. Fullam,* for the plaintiff.

*Converse & Barrett* and *J. F. Deane,* for the defendants.

There was a waiver of the bond as it was written and it could not therefore be enforced ; *Lattimore* v. *Hanson,* 14 Johns. 330 ; *Fleming* v. *Gilbert,* 3 Johns. 527 ; *Munroe* v. *Perkins,* 9 Pick. 298.

This defense is available at law under the fact as admitted; *Lawrence* v. *Dole,* 11 *ib.* 549.

This defense is also available on the ground of a new contract, which superseded the bond.

Whether the agreement was or was not in writing does not appear but if in parol no objection on that score. See cases above cited.

The opinion of the court was delivered by

REDFIELD, CH. J. The question intended to be raised by the pleadings is whether, if one of the parties to a bond of submission to arbitrators claims that, by mistake, some part of the controversy agreed to be submitted is omitted from the bond, and the other party accedes to this claim and agrees to have the bond corrected, so as to include the omission, but subsequently refuses to have the alteration made, the other party is thereby released from performance of the bond?

It is a familiar principle that a contract cannot be altered except by another contract of equal force. A bond cannot be altered by a mere oral agreement upon consideration, because the bond being a contract of a higher nature is not merged in the oral agreement. But it is held that where the defendant in a bond is induced not to perform it by an oral contract to accept something else, this shall bind the other party, because it will be a fraud upon the obligor to allow him to be thus misled. And the fraud of the obligee is a defense to a bond. This is the effect of the cases cited by the defendant in the argument. And if the defense comes

within this principle it should prevail. As, if the plaintiff had agreed to waive the bond, and trusting to such agreement the defendants had omitted to attend the arbitrators, they could probably not be made liable. But a mere naked agreement, or one upon consideration, does not have this effect. And it seems to us the rejoinder here only presents the case of an agreement to alter, or at most to release the bond, which was not so acted upon by the defendant as to amount to any fraud in the plaintiff. The whole contract upon both sides being revocable, the most the plaintiff's oral agreement to alter the bond, so as to include the chancery suit, could amount to, was an agreement to submit that to the same arbitrators at the same time. This of course must be equally revocable with the bond, and must have been so understood by the defendants. It then became, on the construction put upon it in the rejoinder, an additional contract of submission. This the plaintiff has revoked, and if it was a binding contract he is liable for damages, probably, for doing so.

But as this contract could not merge or supersede the bond, we think the revocation of it is no such fraud upon the defendants as will excuse them from performing the bond. And the mere fact that there was a mistake in the bond will be no defense to it. So that the party's only remedy, upon the facts alleged in the rejoinder, seems to be an action upon the subsequent agreement, or an application to a court of chancery to reform the bond.

We treat the new contract as a mere oral or parol contract, because the counsel on both sides so treat it, and because the construction being most strongly against the pleader, it is presumed that, if the law requires the new contract to be under seal in order to merge the former one, and it is not so alleged, it was not under seal, and if the pleader requires to show a contract under seal or in writing under the statute of frauds, he must so allege in his plea, or it will be presumed against him.

But it seems to us the bond, as set forth on oyer, probably did include the chancery suit, and the provision in regard to the arbitrators deciding the case according to law is to be understood chancery law in the chancery suit.

It is perhaps somewhat questionable whether, after craving oyer of the condition of the bond, and spreading it upon the

record, a plea that it did not contain the chancery suit between the parties, when in terms it included all disputes and controversies between them, might not be regarded as a departure or repugnancy in pleadings.  But we have not chosen to decide the case upon any such ground.

Judgment reversed.

Judgment, rejoinder is insufficient, and the plaintiff recover his damages and costs.