## GREEN & HAZARD *v.* H. P. SEYMOUR.

*Pleading. Replication. Demurrer. Duplicity. Consideration. Statute of Limitations.*

1. The question of duplicity in a replication cannot be raised by general demurrer.
2. To an action of assumpsit brought by the plaintiffs, G. & H., the defendant pleaded the Statute of Limitations, and the plaintiffs in their replication alleged that the defendant promised to waive said statute as to their causes of action against him in consideration that they would bring about a settlement of open matters, at a specified sum, between the defendant and another firm of which G. was a partner, and that the plaintiffs caused the firm to pay said sum; *Held*, that a sufficient consideration for the new promise was alleged, if any other than the original indebtedness was necessary.
3. In a replication to a plea of the Statute of Limitations wherein is set forth the defendant's promise to waive said statute, it is not necessary to allege that the promise was in writing.

GENERAL ASSUMPSIT. Heard on demurrer to the plaintiff's replication to the plea of the Statute of Limitations, April Term, 1886, ROYCE, Ch. J., presiding. Judgment sustaining the demurrer and adjudging the replication insufficient. Plea that the causes of action did not accrue within six years, etc.

Replication:

"For replication, etc. Because they say that prior to the

commencement of this suit, to wit: on the first day of August, 1881, it was mutually agreed and understood by and between the said plaintiffs and the said defendant for sufficient consideration then and there stated and expressed between them; that is to say, the defendant then and there agreed to and with the plaintiffs, that in consideration that the said plaintiffs would cause the said plaintiff E. G. Green and one S. C. Green then a partner with said E. G. Green to pay to the said defendant a certain sum or balance in money, to wit: 300 dollars in full settlement of all accounts between the said defendant and the said E. G. and S. C. Green as such partners, (which said settlement and the terms thereof are in writing, and are hereby referred to and are not herein set forth to avoid prolixity) that he the said defendant would take no advantage of the Statute of Limitations in the final settlement of the said several causes of action in the said declaration mentioned, and each and every one of them; and in consideration of the said promise of the said defendant then and there made as aforesaid, they the said plaintiffs caused the said E. G. and S. C. Green to pay to the said defendant said sum of money, to wit: 300 dollars in settlement of all accounts between the said defendant and the said E. G. and S. C. Green as such partners as aforesaid," etc.

*Geo. T. Mooney* and *Cross & Start*, for the plaintiffs.

It was not necessary to allege that the promise was in writing. 1. Chit. Pl. 304; *Hotchkiss* v. *Ladd*, 36 Vt. 593. The fact that it is not in writing is a matter of defence, and may be waived. *Montgomery* v. *Edwards*, 46 Vt. 151.

An agreement by a debtor that he will not take advantage of the Statute of Limitations, removes the statute bar. *Paddock* v. *Colby*, 18 Vt. 485; *Stearns* v. *Stearns*, 32 Vt. 678; *Burton* v. *Stevens*, 28 Vt. 131.

The consideration was sufficient.

*M. Buck & Son*, for the defendant.

The replication is obnoxious for duplicity. 1 Chit. Pl. 579, 649. It is uncertain. 1 Chit. Pl. 643. The replication is bad in that it is not alleged that the agreement was in writing, and signed by the defendant as required by the statute. R. L. s. 974; 1 Chit. Pl. 480, 528, 534, 583.

The opinion of the court was delivered by

Ross, J. The demurrer to the replication raises but two questions in regard to its sufficiency; first, whether a sufficient consideration for the defendant's agreement to waive the Statute of Limitations is set forth; and, secondly, whether it is necessary to allege that such agreement is in writing, signed by the defendant. The question of the duplicity of the replication is not assigned as a special cause of demurrer. It cannot be raised by a general demurrer, except to pleas in abatement. 1 Chitty Pl. 650; *Walker* v. *Sargeant*, 14 Vt. 247. As said in 4 Bac. Abr. 119 : "But though duplicity in pleading be a fault, yet must the same be taken advantage of on a special demurrer, that is, the party must show wherein the doubleness consists; and it is not sufficient to demur *quia duplex* and *caret forma*, etc., but he must lay his finger on the very point that is so." *Carpenter* v. *McClure*, 37 Vt. 127.

It is questionable if any consideration, other than the original indebtedness, is necessary to support a new promise to pay the debt, or which, in legal effect, is the same, an agreement to waive the Statute of Limitations in regard to the debt. But if it is necessary to allege an independent consideration for such an agreement, the replication must be held good. It alleges that which might be both a damage to the plaintiff Green and a benefit to the defendant, the bringing about of a settlement of open matters between another firm, of which the plaintiff Green was a partner, and the defendant, at a specified sum. Effecting a settlement of another independent open matter, at a specific sum, between another party and the defendant would seem of itself to be a sufficient consideration for the defendant's agreement to waive the statute of limitations, in this matter in which the plaintiff was also interested. Hence, if a consideration—other than the original indebtedness—is necessary to sustain such an agreement, a sufficient independent consideration is alleged in the replication.

To be effective to remove the Statute of Limitations, such agreement or promise must be in writing, signed by the party

to be affected thereby. R. L. sec. 974. In this respect the statute is analogous to the Statute of Frauds, which declares that no action shall be maintained on certain promises, contracts and agreements unless in writing, signed by the party to be charged. At the common law the agreements or promises, named in both statutes, were binding, although unwritten and unsigned. These statutes provide that to be operative to bind the party making them the promises and agreements named, must be evidenced by a written instrument signed by the party to be affected. The general rule in regard to alleging in pleading matters affected by such statutes is well stated in 4 Bac. Abr. 655, as follows : " If a statute makes certain circumstances necessary to the validity of an act, which was valid at the common law without such circumstances, this does not alter the manner of pleading which was used before the making ing of the statute ; " instancing that 29 Car. 2, c. 3, required a tenant for years to assign his term in writing, but that such assignment being good by parol at the common law, may be pleaded without alleging it to be in writing. In 1 Chitty Pl. 304, it is said : " The nature of the promise still remains the same in the eye of the law, which does not admit of any distinction between verbal and written agreements, except where the latter are under seal ; and it should seem that the provisions of the statute only affects the rules of *evidence* and not those of *pleading*." Yet, on page 534, the same author says : " Thus, in a declaration on a promise to pay the debt of another, in consideration of forbearance, it is not necessary to show that the promise was in writing, according to the Statute of Frauds, but it is said to be otherwise in a plea." In a note a *quære* is suggested, and 2 B. & B. 362 is cited. All the authorities, so far as observed, agree that in a declaration it is not necessary to allege that such agreements are in writing ; and it has been so held by this court in *Hotchkiss* v. *Ladd*, 36 Vt. 593. The only case I have found for the statement by Mr. Chitty, " but it is said to be otherwise in a plea," is *Case* v. *Barber*, L. Raymond, 450. The action was assumpsit, and

the defendant pleaded that the cause of action had been adjusted and settled, in part, by an agreement between the plaintiff, defendant and defendant's son, by which the son agreed to pay a certain portion of the debt at a future day; and that the son had offered to pay the same, but the plaintiff refused to receive it. To this plea the plaintiff demurred; the case does not say whether generally or specially. The plea was held bad; first, because no consideration for the son's promise was alleged; and, secondly, because it was not alleged that the son's promise was in writing; the court holding that unless the son's agreement was in writing the plaintiff could have no remedy thereon; "and though upon such an agreement the plaintiff need not set forth the agreement to be in writing, yet when the defendant pleads such an agreement in bar, he must plead it so it may appear to the court that an action will lie upon it; for he shall not take away the plaintiff's present action and not give him another upon the agreement pleaded." In regard to this case, in a note to Stephens on Pl. *376, it is said: "It is to be observed that the plea was at all events a bad one, in reference to the first objection. The case is, perhaps, therefore, not decisive as to the validity of the record." In *Peacock* v. *Purvis*, 2 B. & B. 362, on which the *quære* is raised in the note to Chitty, the defendant pleaded, among other things, a sale of the property on a *fieri facias* by agreement, without alleging that the agreement was in writing, as required by statute. The plaintiff demurred to the plea. There was another question, whether the substance of the plea was a defence. The court do not allude to the fact that the agreement was not alleged to have been in writing, but assume that the plea was good in that respect, and discuss at length the other question, and hold the plea bad in substance. Generally, the same degree of certainty is required in a replication as is required in a plea. While in the text both Mr. Chitty and Mr. Stephens, by a qualified expression, state that while it is not necessary in a declaration to allege that such an agreement or promise is in writing, where

the writing is only required to evidence the agreement or promise, and not to make the agreement or promise legally binding, yet in the note on the text doubt is suggested in regard to the doctrine of the text, and the case in 2 B. & B. *supra*, seems to have disregarded the decision in Lord Raymond, from which the doctrine of the text seems to have been taken. Whatever may be said in regard to a plea, it is not apparent, on principle, why an allegation which would, confessedly, on both principle and authority, be sufficient in a declaration, should not also be sufficient in a replication. In this state of the common law authorities, it can hardly be said to be established that such an allegation is necessary in a plea. All the text book writers fully recognize the general doctrine as stated by Mr. Stephens, *374 : " With respect to acts valid at common law, but regulated as to the mode of performance by statute, it is sufficient to use such certainty of allegation as was sufficient before the statute." This general doctrine is applicable to the replication, so far as it is wanting in allegation, that the defendant's agreement to waive the benefit of the Statute of Limitations was in writing, and seems to have been adopted by this court as applicable to a plea in *Carpenter* v. *McClure*, 37 Vt. 127. If a remark by REDFIELD, Ch. J., in *Patrick* v. *Adams*, 29 Vt. 376, looks like a recognition of the contrary doctrine, it is to be observed that it was hardly required for the decision then made, and appears to have been made without examination. There is no valid reason why one rule should be applicable to a declaration and another to a plea or replication. A plaintiff ought not to be allowed to call a defendant into court and compel him to answer matter in a declaration as sufficient in law, which he would not be legally bound to reply to if interposed against him by plea ; nor can any good reason be assigned why the defendant should be held to answer matter as legally sufficient in a declaration which would be insufficient in a replication. In either case he may answer that the alleged agreement is not in writing, or may traverse and object to the evidence if not in writing. We

think the general doctrine applicable to the replication under consideration; and that if the defendant would conclude the plaintiff on the pleadings rather than object to the proof of the agreement by parol on a traverse of the replication, he should have rejoined that the alleged agreement was not in writing. The judgment is reversed, the demurrer overruled, the replication adjudged sufficient, and the cause remanded.