THE FIRST NATIONAL BANK OF PORT HURON v. HARVEY MELLEN ET AL, INTERVENING CLAIMANTS.

*Garnishment—Garnishee's liability to actual creditor—Vacation of judgment rendered on false disclosure—Attorney fee—Costs on dismissal of writ of error—Error does not lie on collateral order.*

A garnishee disclosed an indebtedness in favor of the principal defendants, and judgment was rendered against him, but it afterward appeared that the debt was due to other persons on whose motion the judgment was vacated. The affidavit in garnishment was made to stand as a declaration, and the real creditors were permitted to assume the defense. The garnishee, however, had paid over to the plaintiff the amount of the judgment against him before the judgment had been vacated, and an order was made that the plaintiff pay back to the real creditors the amount so received less an attorney fee paid to the garnishee's attorney. *Held*, that this order was not a judgment and would not support a writ of error, and that there was no suit pending between the plaintiff and the actual creditors in which a judgment could be entered, but the order was collateral to the suit in garnishment.

Costs are not granted on dismissal of a writ of error where no motion was made for its dismissal.

A judgment against a garnishee defendant does not bind his actual creditors where his indebtedness was to them and not to the principal defendant. And there is no need of a motion to vacate such a judgment unless, perhaps, where the debt was itself a judgment and proceedings to collect it had been stayed.

A judgment against a garnishee, rendered upon a false disclosure, may be vacated in the discretion of the court, and if the garnishee has already made payment it will not protect him against the claim of his actual creditor. The plaintiff, also, will hold the money paid, as to the creditor's use, and the latter is entitled to have it refunded to him on demand.

One who has obtained a judgment against a garnishee upon a false disclosure must refund the money paid thereon to the garnishee's actual

creditor upon the latter's demand after the judgment is vacated. **And the plaintiff cannot retain the amount of the attorney fee paid to the garnishee's attorney.**

Error to St. Clair.   Submitted Jan. 21.   Decided Jan. 26.

GARNISHMENT.   Plaintiff brings error.   Judgment ordered.

*Elliott G. Stevenson* and *O'Brien J. Atkinson* for plaintiff in error.

*Chadwick & Cline* for defendant in error.

COOLEY, J.   In the year 1878 the plaintiff in error having a judgment in circuit court against John E. Kitton and Brooks W. Gossage, garnished Samuel H. Woodruff as a debtor of Gossage upon a justice's judgment; and on his disclosure took judgment for some $80. In February following John N. and Harvey Mellen applied on affidavits to have this judgment vacated, and made a showing under oath that the indebtedness of Woodruff was due, not to Gossage, but to themselves. The circuit court heard their motion and granted it, and at the same time directed the affidavit for garnishment to stand as a declaration and that an issue be made thereon. Issue was made by the Mellens accordingly, in the garnishee suit, and was tried by the court, who found that the Mellens were the real creditors. But it appeared in the case that before the judgment was vacated Woodruff had made payment to the plaintiff; and thereupon the circuit judge entered the following order:

" *The First National Bank of Port Huron v. John E. Kitton and Brooks W. Gossage,* Defendants. And *Samuel H. Woodruff,* Garnishee Defendant, and *John N. Mellen* and *Harvey Mellen,* Intervening Claimants.

" This cause as to the right of the said claimants in and to the indebtedness disclosed by said garnishee came on to be heard, and the court having heard the proofs and allegations of the parties and the arguments of counsel, it appearing that the check upon which was rendered the judgment stayed by said garnishee defendant, was in fact the property of the said claimants, that the said Brooks W. Gossage had no right,

title, claim or interest in or to the same, and said garnishee defendant has paid over to the said plaintiff (the First National Bank of Port Huron) the said amount mentioned in his disclosure, viz.: $83.31 less the sum of ten dollars ($10) paid to the attorney of said garnishee defendant: Therefore it is adjudged and determined that said claimants do recover of and from the said the First National Bank of Port Huron the sum of 75 and 31–100 dollars without costs, and that the said claimants have execution thereof."

Treating this order as a judgment in favor of the Mellens, the plaintiff brought error.

I. This order is no judgment. There was no suit pending between the plaintiff and the Mellens in which a judgment could be entered. The suit pending was the garnishee suit, the defense of which the Mellens had been permitted to take upon themselves, and this order was collateral to that suit. Error, therefore, would not lie upon it, and the writ will be dismissed, but without costs, no motion for dismissal having been made.

This disposes of this record, and we might leave the case here, but it may be advisable to save further litigation over this small sum of money by calling attention to a few obvious facts and principles.

II. The judgment against Woodruff did not bind the Mellens, who were no parties to the proceeding, and they would have been under no necessity for moving to vacate it had it not appeared—as it did—that the court had made an order staying all proceedings for the collection of the original justice's judgment. Perhaps even that stay was unauthorized, but it was proper to move to get rid of it.

III. The circuit court in the exercise of its discretion had the right to vacate the judgment against Woodruff, and when it did so, the fact that Woodruff had made payment to the plaintiff could not protect him against the claim of the Mellens. The money paid would be held by the plaintiff for Woodruff's use, and he would be entitled to have it refunded to him on demand.

IV. It seems scarcely necessary to say that the plaintiff had no right, legal or equitable, to retain from another man's

money an attorney fee which it had paid in an unsuccessful attempt to get more from him.

Woodruff is entitled to judgment in the garnishee suit, and to have back from the plaintiff the whole amount he paid, and the Mellens are left at liberty to collect their judgment of Woodruff.

MARSTON, C. J. and GRAVES, J. concurred.