GEORGE H. JORDAN

*vs.*

SYLVANUS HARMON, and CHARLES E. JUDKINS, alleged trustee.

Androscoggin.   Opinion March 11, 1882.

*Trustee process.   R. S., c. 86, § 32.*

When it appears by the disclosure of an alleged trustee that the fund in his hands is claimed by a third person, if the plaintiff would make his process

of foreign attachment available, he must pursue the course prescribed in R. S., c. 86, § 32, and have the claimant cited in if he does not appear voluntarily. If the plaintiff neglects this, and calls, instead, for an adjudication on the disclosure, the court cannot ignore the claim of such third person or decide it adversely in a suit to which the steps requsite to make him a party have not been taken; and the trustee must be discharged.

On EXCEPTIONS from municipal court of Lewiston, certified to the law court, in accordance with the provisions of § 10 of the act establishing the municipal court of Lewiston.

Assumpsit on an account annexed for necessaries.

The exceptions were to the ruling of the municipal judge discharging the trustee upon the following disclosure:

"On the twelfth day of April, 1881, I was station agent of Maine Central Railroad at Lisbon, Maine. On that day I received from T. P. Shaw, paymaster of said corporation, the sum of $29.70 in lawful money, the same being the sum due from said corporation to said defendant for his labor in its employ as section hand for the month of March, 1881, with directions to pay said sum to defendant and procure his signature to the pay roll. On April twelfth, 1881, at about four o'clock, P. M. I saw defendant at the village in front of C. B. Jordan's shop, told him I had his money for him, that I was ready to pay it and asked him twice to step into Jordan's shop, sign the pay roll and let me pay him the money. He declined, said John Smith was to have the money and said to me, 'You can go in and pay it to John Smith, or keep the money for me till evening; you come over this evening and we will fix it up.'"

"Before I saw defendant again at about 6h. 45m. in the evening of the same day the trustee process was served upon me. On the thirteenth day of April, 1881, the next day after the service of the writ on me, I paid the money over to E. N. Chamberlain by request of defendant. Chamberlain wrote defendant's name on pay roll, then paid the money to John Smith and handed me a bond of indemnity signed by said John Smith. The writ was served upon me at the station house by W. B. Jordan, constable, and plaintiff was with him. Harmon was not in the employ of the corporation when the money was received by me."

*Asa P. Moore*, for the plaintiff, cited : *Ball* v. *Gilbert*, 12 Met. 397 ; Drake on Attachment, § § 487, 514, 526, 674 ; *Union M. F. Ins. Co.* v. *Holbrook*, 4 Gray, 235.

*Hutchinson and Savage*, for the trustee.

BARROWS, J. If a creditor would make the goods, effects or credits of his debtor, in the hands and possession of an alleged trustee available for the payment of his debt, he must pursue the course prescribed by the statutes regulating trustee process. He cannot have an adjudication against the trustee which will expose the trustee to litigation with any third party whose claim to the fund by virtue of an assignment from the principal debtor, or in any other way, has been made known by the trustee in his disclosure.

In R. S., c. 86, § 32, the course which the plaintiff must take in such case is marked out. Unless the party named in the disclosure as asserting a claim to the fund voluntarily appears, it is incumbent upon the plaintiff to cite him in. If, after such citation, he does not appear in person or by attorney (or if, appearing, he fails to maintain his claim by due proof,) the assignment shall have no effect to defeat the plaintiff's attachment.

But his rights cannot be judicially determined until he is made a party to the suit either by his own voluntary act, or by a citation from the court at the instance of the plaintiff. If the plaintiff fails to put the case into such a position that there may be a conclusive determination as to the validity of the assignee's claim before the trustee's disclosure is presented to the court for final adjudication, the court must discharge the trustee. He must not put the possible burden of a future controversy with the claimant on the trustee. It was for the plaintiff to have that question settled, and the validity of his attachment so far as that might affect it, ascertained before he called upon the court to pass upon the disclosure.

Unless he takes the proper steps as directed by the statute to remove the obstacle, the claim of the third party thus disclosed will "have the effect to defeat his attachment." *Burnell* v. *Weld, & trustee*, 59 Maine, 423, and cases there cited. It may be true as plaintiff's counsel contends that after Judkins had informed Harmon

of his reception of the money from the paymaster to pay the sum due to Harmon as wages from the railroad company, and proposed to pay it over to him, and Harmon had directed him to pay it to John Smith or keep it till evening when it could be fixed up, the money, so far as the principal defendant had any interest in it, was so deposited in Judkin's hands, that, in a suit for necessaries, he might be held as trustee of Harmon.

But the disclosure shows at the same time that the fund was claimed by John Smith; and the plaintiff instead of pursuing the course pointed out by the statute to secure a determination of the question between himself and Smith, asks us to ignore Smith's claim or hold that it is not valid without giving him an opportunity to be heard.

The court below rightly refused to do this and discharged the trustee.

*Exceptions overruled.*

APPLETON, C. J., WALTON, DANFORTH and VIRGIN, JJ., concurred.