DAVID LEVY and another *vs.* G. H. MILLER and others.

June 15, 1888.

Garnishment — Disclosure of Claim by Third Person — Subsequent Procedure.—Where, in garnishee proceedings, the garnishee discloses an indebtedness, but also shows that it is claimed to have been assigned, and to be due to a third person named, it is error to order judgment against the garnishee before the claimant is cited in and made a party; and the rights of such claimant cannot be barred or affected by the judgment, unless he is duly summoned to appear, and is made a party to the proceeding.

Same—Jurisdiction—Service on Non-Resident Claimant.—Where the court made an order directing that an alleged claimant "should be made a party, and that notice should be served on him," without prescribing how it should be served, it will be construed as meaning personal service within the state; and service without the state will be insufficient to confer jurisdiction over an absent and non-resident claimant or assignee of the debt garnished.

Plaintiffs brought this action in the district court for Hennepin county, as assignees of James P. Saverius & Co., to recover for goods sold and delivered by that firm to the defendants.   In their answer the defendants pleaded the garnishment proceedings mentioned in the opinion, and the judgment against them therein for an amount exceeding their debt to Saverius & Co., and payment by them of that judgment.   The action was tried by *Lochren, J.*, who found the facts

stated in the opinion, and ordered judgment for defendants, which was entered, and the plaintiffs appealed.

*W. E. Akers,* for appellants.

*Davenport & Thian* and *J. L. Dobbin,* for respondents, cited *Lewis* v. *Bush,* 30 Minn. 244; *Wardle* v. *Briggs,* 131 Mass. 518; *Wilkinson* v. *Hall,* 6 Gray, 568; *Randall* v. *Way,* 111 Mass. 506; *Bunker* v. *Gilmore,* 40 Me. 88; *Seward* v. *Heflin,* 20 Vt. 144; *Marsh* v. *Davis,* 24 Vt. 363.

VANDERBURGH, J.   The defendants were indebted to Saverius & Co. in the sum of $250 for goods sold, and were garnished, in the district court of Hennepin county, in an action wherein one Jepson was plaintiff, and Saverius & Co. defendants, for an alleged indebtedness to the last-named firm.   Prior to the service of the garnishee summons upon these defendants, the account against them for the goods mentioned had been sold and assigned to the plaintiffs, who duly notified the defendants of such transfer.   Thereafter, on the 30th day of April, 1886, the garnishees, these defendants, made disclosure of the indebtedness, and of the fact of plaintiffs' claim thereto; and the record shows that the court thereupon made an order directing that the plaintiffs should be joined as parties to the garnishee proceedings, and "that notice thereof be served on D. Levy & Son," (plaintiffs,) "which notice and order," (as the court finds,) "were personally served on said David Levy on the 13th day of May, 1886, at the city, county, and state of New York, and at no other time or place, and in no other manner."   Plaintiffs, D. Levy & Son, of which firm David Levy was a member, then resided in the city of New York, and did not appear in such proceedings; but judgment was subsequently rendered therein charging the garnishees, and barring all claims of the plaintiffs to the account and indebtedness in question.

The only matter necessary to be considered is whether the court acquired jurisdiction to make such determination; and this involves the further question whether the service of the order and notice upon the plaintiffs in the city of New York was legally authorized, so as to give the court jurisdiction over them in the proceedings.   Assuming that the debt was duly attached, the right of the plaintiffs could not

be barred until after they were lawfully cited to appear and maintain their right. Gen. St. 1878, c. 66, § 174; *Look* v. *Brackett*, 74 Me. 347. If the matter of their claim was properly disclosed by the garnishees, it would also be error for the court to order judgment against the latter, against their objection, until the supposed assignees were duly cited; and, after a reasonable time, the proceedings should have been dismissed if the plaintiff therein failed to make the proper service of the notice. *Jordan* v. *Harmon*, 73 Me. 259. The court, as it appears, ordered that the plaintiffs herein "be made parties, and that notice be served on them," but did not direct or prescribe how it should be served. By the order, as made, service within the state was meant, and no other was authorized. Substituted service by publication, or outside the jurisdiction, to have been warranted, must have been so directed. It is unnecessary to consider whether personal service outside the state, if so directed, was authorized without publication in the state. The plaintiffs not having been duly cited to appear, the judgment must be reversed, and a new trial ordered.