Cheshire,
Feb. 1, 1910.

WHITCOMB  *v.*  J. J. QUINLAN & CO. *& Tr.*

Where money is deposited upon an agreement that it is to be paid to a vendor of stock when he delivers the certificates, the depositary who temporarily holds both the funds and the stock is not chargeable for either as trustee of the vendor.

CASE, brought under chapter 270, Public Statutes, to recover money paid as a wager. The writ was served upon the trustees

(the Cheshire National Bank and Walter R. Porter) at Keene, on September 16, 1907. The defendants are a foreign corporation, and service was made upon them in Maine. The defendants by their plea denied the jurisdiction, and the questions thereby raised were transferred from the April term, 1909, of the superior court by *Pike,* J., upon an agreed statement of facts, without ruling.

*Cain & Benton,* for the plaintiff.

*G. K. & B. T. Bartlett* and *Irving W Drew,* for the defendants.

PARSONS, C. J. The service upon the principal defendants in Maine would not authorize a personal judgment against them here. Unless it appears that the trustees have in their hands funds or property of the principal defendants, the action must be dismissed. *Carleton* v. *Insurance Co.,* 35 N. H. 162. The parties have therefore argued the chargeability of the trustees upon the facts agreed, under the defendants' plea to the jurisdiction.

Although in a sense foreign attachment is a single joint process, for some purposes it is two actions—one against the defendant and another against the trustee. *Edgerly* v. *Hale,* 71 N. H. 138, 141; *Jones* v. *Roberts,* 60 N. H. 216, 217, 218; *Ingraham* v. *Olcock,* 14 N. H. 243; *Wallace* v. *Blanchard,* 3 N. H. 395. Of the controversy between the plaintiff and trustees, the court obtained jurisdiction by service in the state. *Lawrence* v. *Smith,* 45 N. H. 533; *Young* v. *Ross,* 31 N. H. 201; *Harris* v. *Balk,* 198 U. S. 215. To this controversy the principal defendants are not parties. *Jones* v. *Roberts, supra.* The plaintiff claims to charge the trustees for certain stock certificates issued in the name of George E. Whitcomb, Jr., or for $2,247.50 in cash deposited by Whitcomb in the bank, to be used in payment for the stock. The controversy cannot be determined without notice to him. P. S., *c.* 245, *ss.* 25, 26, 27. As neither the trustees nor the possible claimant are parties to the issue raised by the defendants' plea to the jurisdiction, or represented in the case, a conclusion that upon the facts stated the trustees are chargeable would bind neither.

The service made upon the defendants out of the state was authorized by the statute (P. S., *c.* 219, *s.* 5) only in the event of the previous attachment of their property in this state. Hence, to establish the validity of the service the plaintiff must succeed against the trustees and establish that they are, or one of them is, chargeable. In the orderly disposition of the whole controversy, the first step is the adjudication of the controversy between the

plaintiff and the trustees. It does not appear that the trustees' disclosure has been filed or taken. If it has not been, the trustees are to be discharged as of course, unless the plaintiff is relieved from the operation of the rule. Rule of Court No. 59, 71 N. H. 685. The court for sufficient cause may extend the time for taking the disclosure, but it would be useless to do so if it is clear upon the facts conceded by the plaintiff that neither of the trustees can be adjudged chargeable. In such situation the case could be determined upon the present plea. *Martin* v. *Whitney*, 74 N. H. 505.

It is agreed that George E. Whitcomb, Jr., nephew and partner of the plaintiff Arthur H. Whitcomb, holding a contract with the defendants by which for a certain sum they agreed to furnish him with certain shares of stock in two foreign corporations, agreed to deposit the sum which he was to pay for the same in the trustee bank. The defendants notified the bank that the deposit was to be made, and when it was made the bank informed the defendants. The agreement between the parties was that the defendants, through their agent, should procure certificates of the stock to be issued in the name of George E. Whitcomb, Jr., and deliver them to the bank, " which was then to pay him the money in its hands." The money was deposited May 27, 1907. May 25, the bank was trusteed in a suit by the plaintiff intended to be brought against the defendants, but which was subsequently abandoned, the defendants being described as a partnership instead of as a corporation. June 5, 1907, the defendants' agent presented the certificates of stock at the bank and demanded the money. The cashier was absent, and the agent was requested to call again. The following day he again presented the certificates, which were taken by the cashier, who refused to turn over the money on the ground that the funds had been trusteed, and also refused to return the stock upon demand for the same reason and because it was the property of George E. Whitcomb, Jr. A portion of the money deposited was the property of the firm in which the plaintiff and George E. Whitcomb, Jr., were partners.

From these facts it could be found that the deposit by George E. Whitcomb, Jr., was not made in good faith by him, with the intention that the money should be paid the defendants according to the terms of his agreement; but that the transaction was merely a scheme to which the plaintiff, George E. Whitcomb, Jr., and the bank were parties, the sole purpose of which was to create an opportunity to bring the present suit. If this fact were found, the question whether jurisdiction could be so conferred would be raised. *Canning* v. *Knights*, 71 N. H. 404, 405; *Closson* v. *Morrison*, 47 N. H. 482. But the fact of fraud has

not been agreed and cannot be found here. The plaintiff claims that the contract between George E. Whitcomb, Jr., and the defendants was a valid one, and that neither he, nor the cashier, nor the bank had any knowledge of the intention of the plaintiff, George's uncle and partner, to bring this suit. Assuming this to be as the plaintiff claims, the bank held the money deposited with it in trust for delivery to the defendants when the stock certificates should be presented made out in the name of George E. Whitcomb, Jr. A refusal to pay over was a breach of their contract with George and a breach of the trust upon which they held the money. The money did not belong to the defendants when paid into the bank, but to George; consequently it was not held by the trustee process against the defendants. As the defendants were to deliver the stock to the bank, which was then to pay the money deposited to them, it could not be found that the parties intended anything but a cash transaction. The bank could not pay the money until it received the stock certificates, and was not entitled to receive the stock certificates until it paid the money; consequently there was no point of time, if the transaction were carried out as agreed between the parties, in which the bank would become indebted to the defendants and in which the trustee process could attach. *National Revere Bank v. Company*, 67 N. H. 371; *Paul v. Reed*, 52 N. H. 136. The bank cashier was therefore in error when he refused to pay over the money, upon the ground that it was held by trustee process.

Subsequently, the bank retaining against the defendants' demand both the certificates of stock and the money, the plaintiff abandoned the attachment under which the bank claimed to hold both the goods and the price, and brought this suit. But the plaintiff can gain nothing by the multiplicity of his suits. If the trustees were not chargeable in the first suit, they are not in this. As the bank at the time of service upon them in this suit had in their possession both the certificates of stock and the money, the plaintiff confidently claims that they must be charged either for the stock certificates or for the money. Aside from the question whether the principal defendants' interest in a foreign corporation can be reached by trustee process against one in possession of the evidence of that interest,—the certificates of stock,—the trustees are not chargeable. "For it is well settled that garnishment cannot have the effect of changing the nature of a contract between the garnishee and the defendant, or of preventing the garnishee from performing a contract with a third person. Any other doctrine would lead to mischievous results." Drake Att. (7th ed.), s. 517; *Roberts v. Norcross*, 69 N. H. 533; *National Revere Bank v. Com-*

*pany*, 67 N. H. 371, 374; *Clark* v. *Gibson*, 12 N. H. 386; *Collins* v. *Brigham*, 11 N. H. 420.

The bank cannot be charged for the stock certificates in the name of George E. Whitcomb, Jr., because they are the property of Whitcomb subject only to the performance of the contract of the bank with him to pay over the money deposited for that purpose, upon presentation of the certificates. They cannot be charged for the money because the defendants have no title to it until paid to them. When paid by the bank, it will be paid, not in settlement of a debt due from the bank to the defendants, but in the performance of a contract with George E. Whitcomb, Jr., presumably entered into by him for his own advantage, and of the benefit of which he cannot be deprived by the plaintiff's trustee process. Under Whitcomb's contract with the defendants, he could not acquire complete title to the stock except by payment upon presentation to the bank. The plaintiff's trustee process could not prevent the execution of a valid contract between George E. Whitcomb, Jr., and the defendants, or by the bank for him. The defendants' plea to the jurisdiction should be sustained.

*Case discharged.*

All concurred.