Abe M. DRAISNER et al., Appellants,

v.

LISS REALTY CO., Inc., Appellee.

No. 12571.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 7, 1955.

Decided Nov. 17, 1955.

Mr. Everett M. Raffel, Washington, D. C., pro se, and for appellant Abe M. Draisner.

Mr. Jacob N. Halper, Washington, D. C., with whom Mr. Samuel B. Block, Washington, D. C., was on the brief, for appellee.

Before BAZELON, FAHY and DANAHER, Circuit Judges.

FAHY, Circuit Judge.

The appeal involves primarily a problem of the proper parties in a garnishment proceeding.

Liss Realty Company, Inc., holds a money judgment against Abe M. Draisner. See Draisner v. Liss Realty Co., 94 U.S.App.D.C. 53, 211 F.2d 808, certiorari denied 348 U.S. 877, 75 S.Ct. 115. It issued attachments and served interrogatories upon Leonard S. Melrod and Everett M. Raffel as garnishees, seeking to reach credits and chattels of Draisner in their hands. Both garnishees answered. Melrod said he held as co-trustee with Raffel certain trust notes belonging to Draisner and to Draisner's copartner Donald Gunter, and $1400 belonging to Draisner, Gunter and two other co-partners.[1] He said that Draisner was entitled to one-fourth of this sum of money. Raffel answered in substance that as co-trustee with Melrod he held certain listed goods, chattels, or credits in which Draisner was interested, but he refused to specify the amount of Draisner's shares. In other respects his answer was even more imprecise.

Plaintiff moved for judgment of condemnation. Raffel filed an opposition. In open court on the consequent proceedings Raffel said that because of certain obligations of the partnership[2] and because its dissolution had not been completed by a final distribution,

"* * * there is still no absolute way of determining as to what each partner actually owns independently of each of the other partners. * * *"

The court gave judgment of condemnation against the garnishee Melrod alone.

The judgment was for the items which Melrod had listed as belonging to Draisner, namely, $350 in cash and certain promissory notes secured by real estate. Raffel was not mentioned in the judgment of condemnation. He and Draisner appeal.

First, as to the omission of Raffel, co-garnishee and co-trustee, from the condemnation judgment: The judgment subjects Raffel's co-trustee interest in the money and notes to the payment of the Liss Realty Company judgment against Draisner. Even if Raffel holds only a legal title he is at least a necessary party to proceedings in which his title is affected. See Rule 19, Fed.Rules Civ. Proc. 28 U.S.C.A.; 3 Moore, Federal Practice 2171-2 (2d ed. 1948). Whether he is an indispensable party need not be decided, as no question of impossibility of obtaining jurisdiction over him is presented. Since he is at least a necessary party the judgment of condemnation which makes no adjudication as to him is defective. Merely making Raffel a party and then entering a separate judgment against his co-trustee does not fulfill the requirements which flow from Raffel's status. His co-trustee interest in both the money and notes cannot be subjected to the judgment against Draisner without an adjudication which determines that interest and the effect of the condemnation judgment upon it.

As to Draisner's co-partners: The possible interest of Draisner's partners in the condemned property was disclosed to the court by Raffel, the co-garnishee. Melrod, on the other hand, stated that these partners had no interest in the property. The partners did not voluntarily enter the garnishment proceedings under sections 15–310 or 15–308 of the D.C.Code 1951.[3] Section 15–312, D.C.

---

1. The other two were indicated to be Milton Vinnick and Morris Cohen.

2. Presumably the partnership between Draisner, Gunter, Vinnick and Cohen.

3. "Any garnishee or stranger to the suit who may make claim to the property attached * * * may plead to the attachment, and such plea shall be considered as raising an issue without replication * * *." § 15–308, D.C.Code 1951.

"Any person may file his petition in the cause, under oath, at any time before the final disposition of the property attached or its proceeds, not being

Code 1951, provides that if a garnishee in answer to interrogatories shall admit having credits in his hands, as did Melrod, judgment shall be entered against him for the amount of the credits admitted. The question, then, is whether the court was correct in entering judgment against Melrod under section 15–312 without bringing Draisner's partners into the proceedings. In some states when the possible interests of such persons are disclosed to the court, statutes require them to be made parties.[4] Absent such a statutory scheme we inquire whether a similar procedure from another source is available.

■■ Draisner's partners would not be bound by a judgment rendered in a proceeding to which they are not parties.[5] A condemnation judgment against credits and properties in the hands of Melrod, therefore, or such a judgment even though it affected both Melrod and his co-trustee Raffel, would be good only to the extent of the interest of Draisner alone in the creditors or properties in their hands. It is therefore necessary if possible to determine the interests, if any, of Draisner's partners. Otherwise the condemnation judgment would fail to make good the relief it purports to give.

A procedure available in this situation is set forth in Rule 19(b), Fed.Rules Civ. Proc. It provides, *inter alia*, that if there are persons not parties who are not indispensable[6] but ought to be made parties if complete relief is to be accorded between those who are already parties, and if such persons are subject to the jurisdiction of the court as to both service of process and venue and can be made parties without depriving the court of jurisdiction of the parties before it, the court shall order them summoned to appear in the action. Such a procedure substantially accords with garnishment statutes and practice in many states. See, e. g., note 4 supra; Jordan v. Harmon, 73 Me. 259; Edwards v. Levinshon, 80 Ala. 447, 2 So. 161; Levy v. Miller, 38 Minn. 526, 38 N.W. 700.

■■ On the basis of the foregoing our conclusion is that the case should be remanded and Draisner's partners summoned. Should they make no relevant claim, judgment of condemnation foreclosing their interests could be entered. It should run against both trustees if both are found to hold title to the credits or properties included in the judgment. If the partners assert claims thereto, the judgment of condemnation

---

real estate, setting forth a claim thereto or an interest in or lien upon the same * * *." § 15–310, D.C.Code 1951.

4. See, e. g., Ill.Rev.Stats.1953, c. 62, § 11; Nudelman v. Stern, 315 Ill.App. 215, 42 N.E.2d 853; Whitcomb v. J. J. Quinlan & Co., 75 N.H. 429, 75 A. 525. The Illinois statute provides: "If it appears that any goods, chattels, choses in action, credits, or effects in the hands of a garnishee are claimed by any other person, by force of an assignment from the defendant, or otherwise, the court or justice of the peace shall permit such claimant to appear and maintain his right. If he does not voluntarily appear, notice for that purpose shall be issued and served on him in such a manner as the court or justice shall direct."

5. See, e. g., Commercial State Bank of Salem, South Dakota v. Pierce, 176 Iowa 722, 158 N.W. 481; Jordan v. Harmon, 73 Me. 259, 261; First National Bank v. Mellen, 45 Mich. 413, 8 N.W. 80; Belser v. Nichols, Ltd., 32 Haw. 78.

This statement assumes that the partners are either outside the jurisdiction and have received no notice of the garnishment proceedings, or are within the jurisdiction and have not been made parties. We express no opinion on the question of whether such possible claimants who are outside the jurisdiction but who have received notice of the proceedings would be estopped to assert their interest if they did not voluntarily enter the proceedings to press their claims. Even if they were estopped, however, strictly speaking they still "would not be bound by the judgment," but rather would be estopped from claiming they were not bound.

6. Of course if indispensable the partners must be made parties; but it is unnecessary to determine the question, because even if they are indispensable, but are not brought in by the other parties, the court should follow the same procedure as outlined in Rule 19(b) if the partners are subject to its jurisdiction.

to be entered would depend upon the resolution by the court of the claims, or be so limited as to condemn only the interest available for payment on the judgment owed by Draisner.[7]

Reversed and remanded for further proceedings consistent with this opinion.

7. The assertion by Raffel of a lien for attorney's services furnishes no basis for our setting aside the judgment below.

It was not made in the manner required by § 15–308 or § 15–310, D.C. Code 1951. See note 3 supra.