## WALTER CARPENTER v. JOSEPH F. McCLURE.*

*Trustee Process. Judgment. Promissory Note. Fraud. Contract. Pleading.*

A judgment in a trustee suit in favor of a claimant does not determine what, if anything, is due the claimant from the trustee; but when the judgment is rendered the trustee is discharged, and the claimant is left to pursue his remedy against him the same as though no trustee suit had ever been brought, and the trustee has the same right to defend.

The plaintiff had possession of certain goods and chattels belonging to C. as a mere cover to defraud the creditors of C. by keeping said property beyond their reach by attachment; and for further protection conveyed the same to the defendant and took his note therefor under an agreement between them and C. that the defendant should dispose of this property and pay the avails thereof over to C. and that this should operate as a payment and discharge of the note. *Held*, that a performance of the contract by the defendant would constitute a defence to an action on the note by the plaintiff.

Such a contract need not be in writing to make it valid, consequently it need not be so alleged in a plea.

In this state it is not only necessary to demur specially to the defect of duplicity, but the particular in which the duplicity is claimed to exist, must be set out.

ASSUMPSIT upon a promissory note executed by the defendant and payable to the plaintiff. Plea, the general issue, and two special pleas in bar,—to which the plaintiff replied, and to the replication the defendant demurred.

The defendant alleged in his pleas that on the ——— day of December, 1850, the plaintiff was possessed of certain goods and chattels named for which this note was given, as the property of one William

* This case was heard at the March Term, 1863, and decided at the March Term, 1864.

F. McClure, the plaintiff having no interest therein, but holding possession of and claiming title to the same for the purpose of protecting it from attachment by the creditors of the said William F., and for the sole benefit of William F.; that on said day of December a contract was entered into by the defendant, the plaintiff and William F. McClure, for the purpose of further protecting the said goods and chattels from the creditors of William F., he being largely indebted, by which it was agreed that the plaintiff should convey to the defendant said property, and receive his promissory note therefor, *to be* discharged by the defendant's disposing of said goods and chattels and paying over the avails thereof to William F. McClure; that this was done for the purpose of defrauding the creditors of William F. by putting the said property beyond the reach of attachment by his creditors; that in pursuance of this agreement the plaintiff delivered the said goods and chattels to the defendant and received his note therefor, which is the note declared on; that the goods and chattels were disposed of and the avails paid over to said William F. in full payment and discharge of this agreement and the aforesaid indebtedness, before the commencement of this suit, all of which the plaintiff had notice.

The plaintiff replied that one Levi Boutwell commenced a suit against the said William F. McClure as defendant in an action of *assumpsit*, and against the said Joseph F. McClure as trustee of William F. McClure, returnable to the September Term of the Washington County Court of 1854, in which suit the trustee, Joseph F. McClure, defendant in the present suit, made a disclosure setting forth facts in substance as alleged in the pleas of the defendant in this suit; that Walter Carpenter, the plaintiff in this action, was cited in as claimant of the goods, chattels and credits set forth in the disclosure, which were the same as those mentioned in the defendant's pleas in this suit; that the claimant being admitted to prosecute and defend his claim to the property and rights aforesaid, alleged that on the day of the execution of the note, which is declared on in this suit, the said goods and chattels were the property of the claimant; that the same were sold and delivered to the trustee Joseph F. McClure, and his said note was executed in payment therefor, of which he was the true and *bona fide* owner; that the said Boutwell

made answer to the claimant's declaration of his claim; and that it was finally adjudged by the supreme court that the trustee Joseph F. McClure became the owner of the goods and chattels named in his disclosure, against the said William F. absolutely, and against all other persons, and that the alleged trustee be discharged; which said judgment was rendered upon the very same issues and matters and upon the very same questions attempted to be put in issue by the pleas of the defendant, Joseph F. McClure, in this suit. To this declaration the defendant filed a general demurrer.

The court at the June Term, 1862, PECK, J., presiding, sustained the demurrer and held the replication insufficient,—to which the plaintiff excepted.

*Peck & Colby*, for the plaintiff.

I. The pleas are bad and constitute no defence. In the first place, the contract is valid and binding as between the parties, and is only void as to creditors, § 32, p. 672, G. S. In the second place, the defendant is not to be permitted to set up his own *fraud* to avoid his contract. *Peaslee* v. *Barney*, 1 D. Chip. 331; *Martin* v. *Martin*, 1 Vt. 91; *Conner* v. *Carpenter*, 28 *ib.* 237; *Boutwell* v. *McClure & Trus.* 30 *ib.* 674; *Drinkwater* v. *Drinkwater*, 4 Mass. 354; *Bailey* v. *Foster*, 9 Pick. 139; *Dyer* v. *Fitzhenry Homer*, 22 *ib.* 253; *Wearse* v. *Peirce*, 24 *ib.* 141; *Findley* v. *Cooley*, 1 Blackford, 263; *Exec'r of Stark* v. *Littlepage*, 4 Randolph, 368; *Richart* v. *Castalor*, 5 Binney, 109; *Killinger* v. ———, 6 Serg. & Rawle. 531; *Sherk* v. *Endross*, 3 Watts & Serg. 255; *Martin, Adm'r,* v. *Root et al.,* 17 Mass. 222; *Potter* v. *Yale College*, 8 Conn. 52; *Stewart* v. *Kearney*, 6 Watts, 453; *Osborne* v. *Moss*, 7 Johns. 161; *Jackson* v. *Garnsey*, 16 *ib.* 189; *Hawes* v. *Leader*, Cro. Jac. 270; same case, Yelverton, 196; *Roberts* v. *Roberts*, 2 B. & A. 368; *Bessie* v. *Windham*, 51 Com. Law Rep. 166; *Philpots* v. *Philpots*, 1 E. L. & Eq. 339; Iridell's Law, 4 vol. 102; *Baldwin* v. *Cawthorne*, 19 [Vesey, 166; 3 Bac. Ab. pp. 313, 314.

II. The allegations in the pleas constitute no defence if the defendant is not permitted to set up his fraud. The note cannot be controlled by the agreement, as that was contemporaneous with the execution of the note and not in writing. *Conner* v. *Carpenter*, 28 Vt. 237, is decisive of this point. If the agreement was in writing

the plea should have averred it.   1 Saunders, 276, a. note 2 ; Com. Dig. " Assumpsit " F. 3 ; 2 Saunders' Plea & Ev. 657 ; 1 Ch. Plea. 571 ; *Isaacs* v. *Elkins*, 11 Vt. 679 ; *Bradley* v. *Bentley*, 8 Vt. 243 ; *Reed* v. *Wood*, 9 Vt. 285.

III.   The issue presented by the 2d and 3d pleas is identical with that set forth in the replication as adjudicated in the suit *Boutwell* v. *McClure*, and *McClure Tr.* and *Carpenter*, claimant.

We insist that the trustee, who is defendant here, cannot try that issue again.

*a.*   Our statute which provides, when the trustee is discharged, that the judgment shall be no bar to a suit by the *debtor* against the *trustee*, does not apply to the *claimant*.   If the claimant is bound by the judgment when against him, why may he not have the benefit of judgment in his favor?   All analogies favor our view of the subject.

*b.*   The plea does not amount to a plea of payment.   No allegation is made that the amount was paid or any particular sum, or that it was accepted.   It must be expressly averred that the goods or money were *accepted* in satisfaction and discharge.   *Drake* v. *Mitchell*, 3 East, 256 ; 1 Str. 573 ; 1 Saund. Pl. & Ev. 36.

*c.*   If the pleas contain the defence of payment, then they are bad for duplicity, for they also set up the defence of fraud on creditors.

*Wm. Hebard*, on the same side, insisted that the special pleas were insufficient, as the very same facts therein set up, had been tried between the same parties and upon the same issue, and the defendant is estopped from again pleading these facts in defence of this action, and cited Phillips Ev. 225, *et seq.*; *White* v. *Ward*, 9 Johns. 232 ; *Jones* v. *Scriven*, 8 Johns. 353 ; *Marriott* v. *Hampton*, 7 Term, 265 ; *Etheredge* v. *Osborn*, 12 Wend. 399 ; *Manny* v. *Harris*, 2 Johns. 24.

*C. W. Clarke*, for the defendant, maintained, 1st, that Joseph F. McClure, the alleged trustee in the suit, "*Boutwell* v. *McClure & Tr. Carpenter*, claimant," was not estopped by the judgment in that suit from making any defence in this suit brought by the same person who was claimant in that suit ; 2d, that the defendant's pleas in this case are admissible both at common law and under the statute. *Smith* v. *Hubbs*, 1 Fairf. 71 ; *Nellis* v. *Clark*, 20 Wend. 24 ; same case, 4 Hill, 424 ; *Walker* v. *McCornice*, 10 Yerger, 228 ; *Davis* v.

Carpenter *v.* McClure.

*Holding,* 1 M. & W. 159. The consideration of a note may always be inquired into, and here we find it fraudulent. The plaintiff founds a claim upon his own fraud. The law will leave the parties where it found them. It makes no difference who starts the objection, or upon whom lies the burden of proof. 2 Pars. Con. 280; *Jones* v. *Yates,* 9 B. & C. 538, (17 E. C. L. 224;) *Holman* v. *Newland,* Cowp. 341; *Wheeler* v. *Russell,* 17 Mass. 280; *Russel* v. *DeGrand,* 15 Mass. 35. The facts in this case clearly distinguish it from those cited by the plaintiff's counsel. There was a failure of consideration. The defendant got no title to the goods because the plaintiff had none to convey. Neither of these parties was to profit by the transaction, and neither of them ought to be permitted to do so. The case is widely different from one in which a debtor conveys his property to defraud his own creditors, which is the case immediately in the contemplation of the statute.

It was not necessary to set up in the plea that the agreement there stated, even if it were contemporaneous, was in writing. It is not required to be in writing by any statute, but only, under certain circumstances, by a rule of law. It may, however, appear on trial to be such a contract as might be proved by parol. The cases which require the plea to state the contract set up to be in writing, are those where the plea shows that the contract set up is such an one as is required by the statute of frauds to be in writing.

PIERPOINT, J. The questions in this case arise upon a demurrer to the plaintiff's replication to the defendant's plea.

The only question raised upon the replication is whether the judgment rendered in the suit in favor of Boutwell against William F. McClure in which the defendant here was cited in as trustee, and this plaintiff as claimant, is conclusive as to the plaintiff's right to recover the amount of the note then in controversy, of this defendant.

This question must be determined by the construction of our statute regulating the proceedings by trustee process, and the legal effect by such proceedings as may be had under it.

If in the course of the proceedings under this statute it shall appear that any goods, effects, or credits, that may be in the hands of the supposed trustee, are claimed by any other person, such claimant

may come in voluntarily, or may be cited in, and admitted, as a party to the suit, so far as it respects his title to the goods, effects, or credits, in question. When a claimant is thus admitted he becomes a party to the suit to a limited extent, that is so far only as regards his title to the property in dispute.

When the claimant thus becomes a party he files his allegations, setting forth his claim to the property, and an issue is formed thereon between him and the plaintiff; and that issue is, whether the property in the hands of the trustee is the property of the claimant, or the principal debtor. To that issue the trustee is no party. He takes no part in forming it, or in the trial that is had upon it, unless as a witness. He has no legal interest in it, and his rights are in no respect affected by it. If he has funds in his hands for which he is liable to either, it is a matter of indifference to him to which he pays it. Whether he has funds or not, or to what amount, is not then in issue. If upon the trial of that issue it shall be adjudged that the principal debtor has the better right to the funds in the trustee's hands, then if there shall be found therein sufficient to bring him within the statute, judgment is rendered against him as trustee, for the amount, or for the amount of the plaintiff's demand; and such judgment will be conclusive to protect the trustee in the payment of that sum, and if he pays it, such payment will be a good defence against any claim that may be made on him therefor, either by the principal debtor, or the claimant. And it is for the very purpose of protecting the trustee, in case judgment is rendered against him, that the claimant is made a party, and not for the purpose of determining whether the trustee has funds or not, or to what extent, but to determine to *whom* he is liable if at all.

But if it shall be adjudged that the claimant has the better right, then a judgment is rendered that the trustee be discharged. Now what is settled by that judgment? Simply that as between the claimant and the principal debtor the claimant has the right to the funds in the trustee's hands if any; but no judgment has been rendered fixing the amount in the trustee's hands, or that there is *any* amount in his hands. No judgment has been rendered that at all bears upon those questions on either side. The claimant is left to pursue his remedy against the trustee the same as though no trus-

tee suit had ever been brought, and the trustee has the same right to defend. Perhaps he could not set up by way of defence that the principal debtor was the owner of the property in his hands, but so far as the question of liability is concerned the whole matter is left open.

We think the county court was correct in holding that the plaintiff's replication is insufficient.

But it is said, that, conceding the replication to be insufficient, the defendant's pleas are bad, and present no legal answer to the declaration.

The defendant alleges in his pleas that the contract in pursuance of which he executed the note declared upon, was entered into between himself, William F. McClure, and the plaintiff, as a mere cover, with the view of defrauding the creditors of the said William F. by putting the property of the said William F. for which the note was given, beyond their reach by attachment, and that the whole was done for the purpose of securing the property or the avails of it to the said William F., and that it was also agreed between the said parties, that the defendant should dispose of the said property and pay the avails thereof over to the said William F., and that his doing so should operate as a payment and discharge of said note and of all the defendant's liability to the plaintiff thereon. And the defendant alleges that before the commencement of this suit he did dispose of said property and pay the avails thereof to the said William F. according to the terms of said agreement.

Without stopping here to discuss the question, as to the effect of the alleged fraudulent character of the transaction, upon its validity, as between themselves, it is very clear that if the defendant has performed the agreement on his part and done that which by the terms of the agreement was to operate to discharge his liability upon the note, that would constitute a defence to the plaintiff's action. And the effect must be the same whether the agreement be regarded as valid and binding between the parties, or as void by reason of the fraud.

Again it is urged that as the plea states that the agreement was made at the same time the note was executed as a part of the same

transaction, and as the agreement alters, and varies, the terms of the note, the plea should have alleged that the agreement was in writing, and for want of such allegation is bad.

The contract as set forth in the plea is not one of that class that the law requires to be reduced to writing. A verbal contract of this character, when proved, is just as valid and binding as it would be if it was in writing; consequently in setting out such a contract in a declaration, or plea, it is not necessary to allege that it is in writing. Whether the contract set out in this plea was reduced to writing or not is a matter that cannot be determined by the plea itself; that can be determined only upon the trial of an issue formed upon it. If the pleader attempts to prove the contract by *parol* evidence it would be excluded upon the objection of his opponent. The rule however that *parol* evidence cannot be received to vary or contradict a written contract, is a rule of evidence, and may be waived. If the party having the right to object to such evidence omits to do it, and the evidence is admitted and the alleged facts are thereby established, he cannot then avoid their effect, by claiming that the testimony should have been in writing. So too if instead of taking issue upon the plea, he admits the truth of the allegations by a demurrer, thereby rendering all evidence unnecessary, he cannot then avoid the effect of the admitted facts, on the ground that if he had denied them, they could not have been proved by legitimate testimony.

It is further urged that the plea is bad for duplicity inasmuch as it alleges fraud in the contract, in pursuance of which the note was executed, that avoids the note, and also a performance of that contract on the part of the defendant that in effect discharges his liability upon the note.

Whether the plea is double or not is a question that it is not necessary now to settle, for if it is obnoxious to that objection, it is quite clear that in the present state of the pleadings the plaintiff cannot avail himself of it.

The rule that extends the effect of a demurrer back over the prior pleadings, limits its operation to defects in substance, such as are reached by a general demurrer. Duplicity does not consist in a deficiency in substance, but rather in an excess, the pleader alleging

Carpenter *v.* McClure.

two grounds of claim or defence when either would be sufficient, and the defect consists in the form of pleading them, that is, in joining them in the same count or plea instead of pleading them separately. Duplicity is a defect that can be taken advantage of only by special demurrer, at common law, and is the only defect that at common law is not reached by a general demurrer. In this state it is not only necessary to demur specially, but the particular in which the duplicity is claimed to exist must be set out.

Other objections have been made to the plea but they come within the same principle.

These conclusions result in an affirmance of the judgment below, but under the agreement of the parties as appears by the exceptions the judgment may be reversed *pro forma*, a repleader awarded, and the case remanded.