## Mary H. Tupper, Exrx., *v.* Cassell & Baughn.

1. Attachment—proof of publication for absconding debtor.—Where the only evidence that publication for the debtor was made in an attachment against an absconding debtor, is the recital in the entry of default, this is irregular.

2. Scire facias—revivor.—Where, on return of a *scire facias* executed, there is no order reviving the suit against the executrix, and making her a party, it is irregular.

3. Attachment and garnishment—interpleader—issue, how made and entered.—Where, in an attachment against an absconding debtor, a garnishee, having admitted he held money, a third party interpleads and claims the debt, the record must show that an issue was made up by the attaching creditor and the claimant, and a recital of the clerk is not sufficient.

4. Same—same—proper verdict of the jury in issue between plaintiff and claimant—interpleading.—In an issue between the attaching creditor and the claimant of money in the hands of a garnishee, the jury should find who is entitled to the money, but should not give damages against the garnishee.

5. Same—same—same—proper judgment.—If verdict be for the attaching creditor, the judgment should be that the garnishee pay to plaintiff in attachment so much of the debt due defendant in attachment as may be necessary to satisfy plaintiff's debt and costs.

6. Rule 25 of supreme court.—A calculation made under rule of the court, to show excess in the verdict, considered; and, the excess so shown, included as one ground of the decision of this court, reversing the judgment of the court below.

7. Garnishee not liable to cost of issue between creditor and third person.—A garnishee is not liable for the costs of the issue between the creditor and a third person as to who has the right to the debt in the hands of the garnishee.

Error to the circuit court of Madison county. Campbell, J.

Defendant sued out an attachment against the estate of Leggett for $102 81 due on open account, with interest from 1st January, 1857. T. C. Tupper, garnishee, was summoned and admitted he gave Leggett a note for about $100, made

about 1st January, 1858, due at twelve months; has been informed that it has been transferred to Thornhill & Co.

At a subsequent term, judgment by default was taken against Leggett for $120 03, October 13, 1859. There appears no order of publication, but the entry of default recites that it appears to the court that notice has been duly given by publication, in a newspaper, for defendant to appear and defend, and he has failed to do so.

Thornhill & Co. appeared to claim the note.

Tupper died and process of *scire facias* was issued and served on his executrix; but no order of revivor was entered against her.

On the 28th September, 1868, a jury called to try the issue upon the interpleader of Thornhill & Co., found for plaintiffs (Cassell & Baughn) and assessed their damages at $174 20; and thereupon a judgment was entered for that sum, against Mrs. Tupper as executrix, and all costs. No judgment was entered against Thornhill & Co., upon that verdict.

*T. C. Tupper* and *Geo. L. Potter*, for plaintiff in error.

SIMRALL, J.:

This writ of error is prosecuted by Mary H. Tupper, executrix of T. C. Tupper, deceased, to review a judgment rendered against her as garnishee.

The answer of her testator admitted an indebtedness of about $100, by promissory note, payable to Wm. G. Leggett, dated about 1st January, 1858, and due about twelve months thereafter; but states that he had been informed that the note had been transferred, and was owned by Thornhill & Co., of New Orleans, La., but whether before or after service of garnishment process, respondent did not know. He prayed that Cassell and Baughn, the attaching creditors, and Thornhill & Co., should be required to interplead, so as to ascertain, judicially, to whom he was debtor.

Thornhill & Co. filed an interpleader setting up that the·

note had been negotiated to them by Leggett, on 19th March, 1858, before service of summons on Tupper.

The record then recites that the issue between the attaching creditors and Thornhill & Co. was submitted to the jury who found for the former, and assessed the damages at $174 20. Thereupon judgment was rendered against Mary H. Tupper, administratrix of T. C. Tupper, deceased, for the sum assessed by the jury, and also for costs, etc:

The proceedings in the circuit court abound in irregularities. The attachment is against an absconding debtor. The record does not show publication of notice by the clerk of the court, to the absconding debtor, as required by the nineteenth article of the attachment law, Code, 378. Nor does it appear that the proof of publication was made as required, Code, 519, art. 241, except as recited that such proof was made. Upon return of the *scire facias* executed, there was no order reviving the suit against the executrix and making her a party thereto. There was no issue made up between Cassell & Baughn and Thornhill & Co., on the "claim" preferred by the latter to the "debt." Code, art. 35, 381. "If the claimant appear he should propound his claim to the debt, * * * in writing, under oath, and the plaintiff may take issue thereon, and the same shall be tried and determined as other causes." Thornhill & Co. did present their "claim" according to the statute. The plaintiffs did not "take issue" thereon, unless the recital made by the clerk, that a "jury came to try the issue," shall be intended that an issue was joined. Originally, at the common law, pleadings were conducted *ore tenus* until the contestants came to an issue. But a memorandum, in writing, was kept by the clerk or prothonotary; with us they must be in writing. Article 115, Code, 496, requires "all pleadings to be signed by the party or his attorney." The statute dispenses with a traverse only when the general issue is pleaded. The record must show (in this sort of case) that an issue was made up by the parties; the recital of the clerk is insufficient, and not proper evidence of the fact. But the

only issue that can be referred to the jury, is the "right" of the intervening claimant and the attaching creditor to the debt of the garnishee. It is no part of their duty to assess the damages. When they have pronounced in whom is the "right" to the debt, the court renders judgment in favor of the successful party ; if for the attaching creditor, then the judgment shall be according to the admissions in the answer of the garnishee (unless the answer has been disputed), and should be that the garnishee pay the debt, in so much as may be necessary to satisfy the plaintiffs' debt and costs. The jury exceeded the limits of their duty in inquiring and assessing damages, and it was error in the court to accept their finding as the measure of the liability of the garnishee to the plaintiffs (unless, indeed, it was in perfect agreement with the answer). But the verdict is in excess of the sum admitted by the garnishee (as shown by the calculation of counsel, made under a rule of this court). The judgment is against Mary H. Tupper, administratrix, etc., whereas the *scire facias* suggests that she is executrix. Treating this mistake as a mere misprision of the clerk it would be in principle like Guice v. Sellers et ux., 43 Miss. 57. It was clearly erroneous to condemn the executrix to pay costs. As between the plaintiffs and Thornhill & Co. she was an indifferent stakeholder, waging no controversy with either of them. As to this collateral issue, Thornhill & Co. ought to pay the costs.

The judgment is reversed and cause remanded.