The Commercial National Bank v. Leroy Payne, for the Use of James Cunningham Sons Co. and E. G. W. Reitz.

1. GARNISHMENT—*Judgment Against an Interpleader for Costs— Right of Appeal.*—There should not be a judgment, in form, for or against an interpleader in a case of garnishment except for costs. But if the judgment for costs be omitted, the interpleader has the right to

appeal from a judgment charging the garnishee for the use of the creditor of the defendant.

**Garnishment and Interpleader.**—Appeal from the Superior Court of Cook County; The Hon. HENRY V. FREEMAN, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed October 31, 1895.

SLEEPER & BARBOUR, attorneys for appellant.

NEWMAN & NORTHRUP and S. O. LEVINSON, attorneys for appellees.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This was a garnishment of E. G. W. Reitz, as debtor of Leroy Payne, sued out by the James Cunningham Sons Company, alleged judgment creditors of Payne, in which the bank interpleaded, claiming the ownership of the claim against Reitz.

A judgment was entered in favor of Payne for the use of the company against Reitz, thus, in effect, though not in terms, denying the claim of the bank. The appellee has moved to dismiss the appeal upon several grounds, one of which is that there is no judgment upon the interpleader from which the appellant could appeal.

That motion is denied, though no action upon it is necessary, as the judgment must be affirmed upon the merits; yet it is well to note that there should not be a judgment, in form, for or against an interpleader in a case of garnishment, except for costs. We have followed in that particular. Carpenter v. McClure, 37 Vt. 127. See Walton v. Detroit, etc., Mills, 37 Ill. App. 204; Grover v. Wells, 40 Ill. App. 350.

It follows that even if the judgment for costs be omitted, the interpleader has the right to appeal from a judgment charging the garnishee for the use of the creditor of the defendant.

On the merits the case is that Payne demised to Reitz by a lease as follows :

" Memorandum of lease, made this eleventh day of October, A. D. 1893, by and between Leroy Payne, of the first part, and Edward G. Reitz, of the second part, witnesseth : That said Leroy Payne hereby leases and demises to the said Edward G. W. Reitz, the property known as the north half of lot nine, and the south twenty-seven and one-half feet of sub-lot one, in lot eight, and sub-lot two in lot eight, in block five, in fractional section fifteen addition to Chicago; to have and to hold the same for the term of five years from this date; and the said Edward G. W. Reitz hereby agrees to pay as rent for said premises :

1st.   The ground rent stipulated in a lease heretofore made between John G. Jennings and said Leroy Payne, dated October 11, 1881, and which ground lease is recorded in book 1118, on page 420, in the recorder's office of Cook county, Illinois, said Reitz agreeing to pay said ground rent as the same becomes due, as by the terms of said lease.

2d.   Said Reitz further agrees to pay as part of said rent the interest which may hereafter become due on a certain mortgage or trust deed heretofore executed by the said Leroy Payne on said property, which mortgage or trust deed is now owned by Catharine L. Cameron, the principal of said mortgage being the sum of one hundred and twelve thousand five hundred dollars ($112,500), and interest being at the rate of seven per cent, payable quarterly.

3d.   The said Reitz further agrees to pay as a part of the rent of said premises, all the taxes and assessments which may be levied on said property beginning with the year 1893; and also all premium on insurance policies which may have been underwritten on the buildings now situate on said property.

It is further expressly agreed between the said parties that the said Edward G. W. Reitz shall have the right at any time to terminate this lease, and to release himself from the obligations of the same, by giving to the said Leroy Payne sixty days' notice of his intention so to terminate the lease.   Said Leroy Payne shall have the right to terminate this lease by giving like notice in case he sells his interest

in said leasehold estate, but only after said Payne has fully paid all his liabilities to Reitz.

It is further agreed that all the covenants and agreements in this lease contained shall be binding upon the heirs, executors, administrators and assigns of the respective parties thereto.

In witness whereof, the said parties have hereunto set their hands and seals, on the day and year first above written.                    LEROY PAYNE,    [SEAL.]
                    E. G. W. REITZ,    [SEAL.] "

When the lease was produced by Reitz, as a witness, it had on it below the signatures of Payne and Reitz the following:

" For value received, I herein assign all my right, title and interest in and to the within lease unto The Commercial National Bank of Chicago, its successors and assigns.

Chicago, June 22, 1894.
                    LEROY PAYNE.    [SEAL.] "

No proof of Payne's signature, or of delivery to the appellant, was offered. The appellant offered to prove that it became the owner of a sheriff's certificate of sale of the premises described in the lease between Payne and Reitz, which sale was made on a judgment owned by the bank, December 26, 1893; that the bank has paid the taxes on said premises for the year 1893, and the unpaid interest on the mortgage which became due to Catherine L. Cameron while Reitz was in possession under his lease, and that Catherine L. Cameron has assigned to the Commercial National Bank whatever claim she had against E. G. W. Reitz by virtue of the lease from Payne to Reitz.

The appellant can not complain of a judgment, in effect for the company, unless it had some legal or equitable claim upon Reitz, that he should pay something to the bank in discharge of his covenants to Payne. Now Payne himself was entitled to nothing under those covenants.

Admit that a garnisheeing creditor had no right, yet if the bank had none either, it is not harmed.

Now not only did Payne have nothing to assign, but there is no proof that he ever attempted to assign anything.

Mrs. Cameron never had any claim upon Reitz; the case of Dean v. Walker, 107 Ill. 540, having been overruled in Harris v. McCormick, 132 Ill. 104. (We knew we were following an *obiter* when we decided the last named case—30 Ill. App. 125.) Having none, she could assign none.

The appellant makes no complaint, either in its assignment of errors or brief, of the action of the court in relation to the certificate of sale.

The judgment is affirmed as against the appellant, but with no intimation as to the merits between other parties.