THE FLORIDA CENTRAL AND PENINSULAR RAILROAD COMPANY, a CORPORATION, *Plaintiff in Error*, v. JOHANN CARSTENS, *Defendant in Error*.

1. Garnishment and claim proceedings are collateral to the main suit; and in the claim proceeding a judgment that the claimant do have and recover of and from the garnishee the property mentioned in both the garnishment and claim proceedings is erroneous.

2. Where there are both garnishment and claim proceedings collateral to a main suit and there is a finding for the claimant, it merely ascertains that the rights of the claimant in the property are superior to those of the plaintiff under his garnishment, and the finding does not authorize a judgment for the claimant against the garnishee for the property.

This case was decided by the court *En Banc.*

Writ of error to the Circuit Court for Marion county.

The facts in the case are stated in the opinion of the court.

*L. N. Green* for plaintiff in error.

No appearance for defendant in error.

WHITFIELD, J.—This cause was submitted here upon abstracts of the record which were not excepted to, and under the rule they are admitted to be correct. The abstracts show that on May 17, 1900, in the Circuit Court for Marion county, William A. Fulton, as receiver of the Franco-American Phosphate Company, filed a praecipe for a summons *ad respondendum* against Frederick Gesterding, and on the same day filed an affidavit in garnishment proceedings and suggested the names of the Florida Central and Peninsular Railroad Company, a corporation, and E. D. Lukenbill as garnishees. The summons *ad respondendum* was not served, but a writ of garnishment was served upon the railroad company as garnishee, which company, on June 4, 1900, filed its answer denying any indebtedness to the said Gesterding, or that it had any property of his in its hands, possession or control, at the time of the service of the writ of garnishment, or at the time of making its answer, or at any time between said periods; and on March 28, 1902, it filed a further and additional answer wherein it pleaded a previous adjudication in Nassau county, Florida, which answers were duly traversed by the plaintiff, the issues tried by a jury, and a verdict and judgment duly entered in favor of the garnishee above mentioned.

On March 29, 1902, Johann Carstens filed his claim affidavit in the cause, alleging that he is the owner of and claims the indebtedness due by the garnishee in this case and that the same is due to him, and that he is the owner of and claims the effects in the hands and possession of the said garnishee and that said indebtedness and effects are *bona*

*fide* his property, and are not the property of the defendant in said action. This claim proceeding was tried and a verdict rendered in favor of the claimant, and also "that there is in the hands of the Florida Central and Peninsular Railroad Company the sum of two thousand one hundred dollars belonging to Johann Carstens, the claimant in this cause." Upon the verdict the Circuit Court entered the following judgment: "Thereupon it is ordered and adjudged that Johann Carstens do have and recover of and from the Florida Central & Peninsular Railroad Company the sum of two thousand one hundred dollars, and that the said Johann Carstens do have and recover of and from William A. Fulton, as receiver of the Franco-American Phosphate Company, the costs in this suit involved in the matter of the claim interposed by said Johann Carstens, to be taxed by the clerk of this court." From this judgment the writ of error here is taken, and errors are assigned questioning the legality of the judgment in so far as it affects the plaintiff in error.

Garnishment and claim proceedings are collateral to the main suit, and in the claim proceeding a judgment that the claimant do have and recover of and from the garnishee the property mentioned in both the garnishment and claim proceeding is erroneous. If a finding is in favor of the claimant, it merely ascertains that the rights of the claimant in the property are superior to those of the plaintiff under his garnishment but does not authorize a judgment for the claimant against the garnishee for the property. See *Carpenter v. McClure,* 37 Vt. 127; *Commercial Nat. Bank v. Payne,* 60 Ill. App. 346.

The judgment is reversed at the cost of the defendant in error; and the cause is remanded for a proper judgment.

TAYLOR, C. J., SHACKLEFORD and COCKRELL, JJ., concur.

CARTER, J., absent.

HOCKER, J., disqualified.