LAKE PARK STATE BANK v. ROOD BROTHERS, Defendants,
LIZZIE ROOD, Appellee, GERMAN SAVINGS BANK, Garnishee, Appellant.

Garnishment: INTERVENTION: JUDGMENT. On an issue solely between plaintiff and the intervener the court has no authority to enter judgment against a garnishee who has answered to the claim of plaintiff against defendant, and who was not a party to the intervention. The proper entry on a finding favorable to intervener is an order releasing the property from the levy, or a finding that intervener's lien is superior to that of plaintiff.

Same: ACTION AGAINST GARNISHEE: ABATEMENT. Where the intervener in garnishment succeeded in establishing his superior right to the fund and thereafter sued the garnishee for the amount, the pendency of an appeal from the judgment directing the garnishee to pay the fund to the intervener was not good as a plea in abatement of the subsequent action.

Same: AMENDMENT OF JUDGMENT: ESTOPPEL. Even though a garnishee may be estopped from objecting to a judgment entered against him, he may still have the right to object to an amendment of that part of the judgment which is void.

Appeal: COSTS. Owing to a failure to observe the rules relating to preparation of briefs, the costs are taxed against appellant.

*Appeal from Dickinson District Court.*—HONS. A. D.
BAILIE and D. F. COYLE, Judges.

TUESDAY, MAY 9, 1911.

THE plaintiff's suit against Rood Bros. began December 12, 1908, was aided by writ of attachment, and this was served by garnishing the German Savings Bank and Theodore Strathman, its cashier. The latter answered, as garnishee, that "he and said bank were garnished; that he clerked a sale for defendants December 5, 1908, receiving

as the proceeds from said sale the sum of $1,541.46; that
the sale was had in the name of Rood Bros. and the pro-
ceeds were from the property belonging to them, and that
he had said funds in his hands at the time of garnish-
ment." The garnishment proceedings were then continued,
and shortly afterwards, January 23, 1909, Lizzie Rood
intervened, claiming ownership of the proceeds of said sale,
and the allegations of her petition were put in issue by
the answer of plaintiff. The parties then stipulated that
she held a chattel mortgage, dated November 6, 1903, duly
recorded and securing the payment of $3,000 covering all
the property disposed of at the sale; that, to avoid unneces-
sary expense, the defendants and intervener agreed that the
property should be sold and the proceeds applied in pay-
ment of the mortgage indebtedness; that it was advertised
in the name of defendants, the better to attract buyers; and
that all moneys received were to be paid directly to the
intervener or some one acting for her, and if sales were on
time that notes should be taken in the name of the inter-
vener. Thereafter the intervener employed Strathman, as
cashier of the German Savings Bank, to act as clerk of the
sale for her, and to receive for her the proceeds of the
sale, and to take notes in her name for any property sold
on time; that the said bank was to receive for the services
so rendered 2 percent of all cash received, and was to
purchase the notes taken at two percent discount, and was
to retain one percent of the amount of the sales to be
paid to the auctioneer. The property was sold in pursu-
ance of the stipulation on December 8, 1908, and Strath-
man acted as clerk thereat for intervener, and the bank had
in its possession the amount mentioned as the proceeds of
the said sale.

On hearing, June 3, 1909, the court held that the de-
fendants had no interest in the proceeds of the sale, and it
was adjudged "that the garnishee surrender and pay to the
intervener the said funds in its hands as such, and that

the attachment and the garnishment be and the same are dismissed, and the garnishee to stand discharged upon the payment of said fund to the intervener," and the costs were taxed to plaintiff. On September 25, 1909, the intervener moved that this entry be corrected, so as to show that intervener recovered judgment against the garnishee in the sum of $1,541.45, alleging that she was not aware of said judgment entry until the garnishee pleaded the same as defense in bar in an action brought by this intervener against garnishee, for the recovery of said amount, and a copy of said answer was attached to the motion.

The garnishee resisted the motion on the ground (1) that the court was without authority to enter the judgment; (2) because the answer of the garnishee merely showed the amount received at the sale, it not being disclosed what offset the garnishee might have had against said fund; (3) that the garnishee had never been required to disclose any claim it might have had to the proceeds of the sale; (4) the answer interposed, pleading former adjudication, does not estop the garnishee to interpose any claim it may have to the fund in its hands; (5) that garnishees were entitled to a commission of $38.52 for the services rendered in clerking the sale, and $433.07, with interest, as money justly due the bank for rent from defendants for one half section of land; that it was agreed between the intervener and garnishee that the latter had a first lien as landlord for said amount, and that the same should first be paid from the proceeds of the sale of the property, and by reason thereof the above amounts should be deducted from the proceeds of the sale and it required to pay only the balance, and that the garnishee has never heretofore been required to present its claim, and now at the first opportunity presents same and calls upon the court to determine the amount to which the intervener is entitled, and prays for a hearing thereon. This resistance was supported by affidavits. Upon submission the motion to amend the

order was sustained, and the judgment corrected as prayed. From this ruling, the garnishee appeals. —*Reversed.*

*V. A. Arnold* and *Francis & Owen,* for appellant.

*J. G. Myerly,* for appellee.

LADD, J.—The property of Rood Bros. was mortgaged to Lizzie Rood to secure an indebtedness of $3,000, and by agreement with the mortgagee it was sold at public auction and the proceeds received by the German Savings Bank.   Thereafter plaintiff, the Lake Park State Bank, instituted suit against Rood Bros., aided by a writ of attachment, and this was served by garnishing the German Savings Bank.   It answered that it·had received $1,541.46 as the proceeds of the sale of property belonging to Rood Bros., without asserting any claim thereto.   Lizzie Rood filed a petition of intervention, claiming the proceeds of the sale in the hands of the garnishee by virtue of the mortgage, and alleged agreements with the mortgagors, and the garnishee and the plaintiff joined issue.   On trial judgment was entered, finding the garnishee was not indebted to Rood Bros. at the time notice of garnishment was served, and "that intervener is entitled to the funds," and it was adjudged that "the garnishee surrender and pay to the intervener the said funds in its hands as such, and that said attachment. and garnishment be and same are dismissed, and the garnishee to stand discharged upon the payment of said funds to the intervener, and the costs of this proceeding in the sum of $11.15 are taxed to plaintiff."   In dismissing the attachment proceedings, the entry was correct, and that portion of the entry requiring the garnishee to pay the funds in its hands to intervener should be construed as indicating that the intervener's title thereto was better than that of defendants under whom plaintiff claimed.

If, however, it should be thought, in connection with the last clause, to constitute an order on the garnishee to pay the moneys derived from the sale to the intervener, then it was clearly in excess of authority. The garnishee was not a party to the proceedings in intervention. The issues were solely between plaintiff and intervener, and the only entry authorized was in determination of their relative rights to the fund in the hands of the garnishee. Section 3928 of the Code provides that: "Any person other than the defendant may, before the sale of any attached property, or before the payment to the plaintiff of the proceeds thereof, or any attached debt, present his petition verified by oath to the court, disputing the validity of the attachment, or stating a claim to the property or money, or to an interest in or lien on it, under any other attachment or otherwise, and setting forth the facts upon which the claim is founded; and the petitioner's claim shall be in a summary manner investigated. The court may hear the proof or order a reference, or may impanel a jury to inquire into the facts. If it is found that the petitioner has a title to, a lien on, or an interest in, such property, the court shall make such order as may be necessary to protect his rights. The costs of such proceedings shall be paid by either party at the discretion of the court."

1. GARNISHMENT: intervention: judgment.

It seems needless to say that the entry of judgment against the garnishee, who has answered with reference to the claim of plaintiff against defendant, and is not a party to the intervention, is never essential to the protection of the rights of the intervener. 2 Shinn on Attachment and Garnishment, section 623 *et seq.* Judgment may not be entered against the intervener for the value of or return of property which may be in his possession. *Valley Bank v. Wolf,* 101 Iowa, 51.

When the finding is favorable to the intervener, the appropriate entry is the release of the property from the

levy, or the declaration that his lien is superior to that of plaintiff. I Shinn on Attachments and Garnishment, section 440; *Port Huron First National Bank v. Mellen,* 45 Mich. 413 (8 N. W. 80); *Commercial Nat. Bank v. Payne,* 60 Ill. App., 346; *Tupper v. Cassell,* 45 Miss. 352; *Carpenter v. McClure,* 37 Vt. 127; *Gifford v. Rockett,* 119 Mass. 71; *Florida Cent. R. Co. v. Carstens,* 48 Fla. 72 (37 South. 566); 30 Cyc. 1137. As said in the last case: "If the finding is in favor of the claimant, it merely ascertains that the rights of the claimant in the property are superior to those of the plaintiff under his garnishment, but does not authorize a judgment for the claimant against the garnishee for the property." The judgment entry must be construed, then, merely as determining that, as between plaintiff and intervener, the garnishee should pay the proceeds of the sale over to the latter, and, in so far as it purports to order the garnishee so to do, it was in excess of the court's authority, and void.

II.  Subsequently the intervener moved that the judgment against the garnishee be amended by inserting the amount received by the garnishee from the proceeds of the sale. Enough has been said to indicate that the motion should have been denied, unless the garnishee was estopped from objecting to such relief. As we understand the record, after the trial on the petition of the intervention was had, the intervener instituted suit against the garnishee for the fund in controversy.

By way of answer, the garnishee pleaded in bar the judgment mentioned above, and in abatement the pendency thereof on appeal in the Supreme Court. The latter plea was not good. *Watson v. Richardson,* 110 Iowa, 698. And the former was bad, as appears from what has been said. But intervener claims this to have been her first information concerning the judgment, and that because of the interposition of the plea in bar she dismissed her petition and

2. SAME: action against garnishee: abatement.

moved to amend. Had the garnishee procured an adjudication sustaining the plea in bar, there would have been ground for the contention that she might not thereafter assert that the judgment was not valid. *Sweezy v. Stetson,* 67 Iowa, 481. See *Lehman v. Clark,* 85 Ala. 109 (4 South. 651).

But intervener dismissed without an adjudication, in the face of a groundless defense, and now contends, not that the garnishee is estopped from asserting the inva-

3. SAME: amendment of judgment: estoppel.

lidity of the judgment as pleaded in bar, but from amending that so pleaded. As that pleaded, in so far as undertaking to adjudicate between intervener and garnishee was void, we are of opinion that the garnishee, even if he were estopped from objecting to the judgment as entered, was not estopped from insisting upon the impropriety of amending a judgment which was void. The court erred in amending the judgment.

III. Counsel for appellant in preparing their brief have utterly ignored the rules of this court. Had they observed these, probably the main point in the case would

4. APPEAL: costs.

not have so far escaped their attention as to render an inquiry necessary to determine whether it had been raised. The appeal might well have been dismissed because of this lapse; but we are loathe to dispose of a meritorious appeal in this manner, even though the neglect of counsel may have imposed unnecessary labor on the court. But some penalty should follow, and as such all costs will be taxed to appellant.—*Reversed.*