LIZZIE ROOD LAIRD, Appellant, v. GERMAN SAVINGS BANK OF LAKE PARK, IOWA, Appellee.

**Conspiracy:** EVIDENCE. The defendant bank agreed with plaintiff to
1  act as her agent in the sale of property on which she held a mortgage, and to turn over the proceeds to apply on her debt from the mortgagor. After the sale defendant assigned notes held by it to another bank that also held notes of the mortgagors, and it immediately began suit thereon and garnished the funds in defendant's hands. Defendant did not disclose the contract with plaintiff in that proceeding. *Held,* that the evidence was not sufficient to require submission to the jury of a charge of conspiracy between the two banks to defraud plaintiff of the proceeds of the property.

**Estoppel:** FAILURE TO PLEAD. The fact that defendant made no claim
2  in the garnishment proceedings to a portion of the proceeds of the sale, which it was agreed should be applied on rent due the defendant, did not estop it from asserting its claim for the rent in this action by plaintiff for the proceeds of the sale; as defendant was not a party to the garnishment proceedings, and could not assert its claim therein.

**Damages:** INTEREST. In this action to recover the proceeds of the sale,
3  the plaintiff, after allowing defendant's claim for rent, was entitled to interest on the balance from the time it was received by defendant from the sale in the absence of a tender by defendant of the balance due.

*Appeal from Dickinson District Court.*—HON. A. D. BAILIE, Judge.

ACTION for money had and received.—*Modified* and *Affirmed.*

FRIDAY, OCTOBER 23, 1914.

*H. E. Narey* and *J. G. Myerly*, for appellant.

*E. A. Morling* and *Francis & Owen*, for appellee.

GAYNOR, J.—In November, 1908, the plaintiff was the owner and holder of a certain promissory note, executed by W. H. & F. O. Rood, for the sum of $3,000, bearing interest at 6 per cent. This note was past due and unpaid, and was secured by a chattel mortgage, executed by the makers of the note, on certain personal property owned by them. In order to save a foreclosure of the mortgage, it was agreed between the plaintiff and Rood Bros. that the property covered by the mortgage should be offered for sale at public auction, in the name of Rood Bros.; that the plaintiff should receive the proceeds of such sale, and apply the net proceeds thereof on the note aforesaid; that plaintiff should employ some competent party as clerk of the sale; that all notes taken at the sale should be taken in the name of the plaintiff, and that all cash received at the sale, should be the property of the plaintiff, to be applied on said note; that thereafter plaintiff entered into a contract with the defendant bank, to act as clerk at said sale, and that the bank should take all notes given for property, and collect all cash for property sold, and, at the conclusion of the sale, the defendant agreed to turn over all the cash received, and cash all notes taken, and to pay the full amount to the plaintiff, less 2 per cent. commission and 1 per cent. to the auctioneer; that, in pursuance of said agreement, the defendant sent its cashier to act as clerk at said sale, and said sale was made, and the proceeds of said sale received by the defendant, under said contract; that the total proceeds of said sale amounted to $1,596.35; that the discount and auctioneer's fees amounted to $55.67, leaving net proceeds of $1,540.48.

It appears that, after this sale had been completed, the

plaintiff demanded the proceeds of the sale delivered to her, less the discount and auctioneer's fees; that the money was not delivered to her; and that subsequently the defendant herein, having certain notes against Rood Bros., assigned them to the Lake Park State Bank. It appears that at this time the Lake Park State Bank also had notes against Rood Bros., and the Lake Park State Bank instituted suit on the notes so assigned to them, and on the notes held by them against Rood Bros.; that in this suit the defendant was garnished as the debtor of Rood Bros. Its cashier—the same one who acted as clerk at the sale—appeared and answered, but did not disclose to the court the contract under which his bank held the money; that thereafter the plaintiff intervened in the suit brought by the Lake Park State Bank against Rood Bros., claiming the money in the hands of the garnishee. This suit was determined in favor of the plaintiff, finding that she was the owner of the money, as against the garnishing plaintiff.

The present action is commenced to recover from the defendant the amount so received by it—$1,540.48—and in this suit the plaintiff also claims that the defendant entered into a conspiracy with the Lake Park State Bank to defeat plaintiff in any efforts she might make to secure the money in their hands—the proceeds of the sale—and, for that purpose, assigned the notes held by them to the Lake Park State Bank, and conspired with said bank to have a suit instituted on said notes, and to have this defendant garnished as the debtor of Rood Bros., in violation of its contract and agreement.

The defendant, for answer, admits that there is due plaintiff $1,540.48, as the proceeds of the sale, after allowing for the discount and auctioneer's fees, but, by way of counterclaim, says that for some years prior to 1908 Rood Bros. were tenants occupying certain land of the defendants; that it had a lien upon the property for the rent due; that the plaintiff's mortgage was prior to defendant's lien for rent;

that it was orally agreed between the plaintiff and defendant that the defendant would permit the sale of said property at public auction, without foreclosure of the mortgage, on condition that defendant should be allowed to retain out of the proceeds of the sale the sum of $433.07, to be applied on this claim for rent; that the property was sold, and the money received by the defendant under this stipulation; that, by reason of the stipulation, the defendant waived its landlord's lien; that the defendant applies $433.07 of the proceeds of said sale, in payment of the rent aforesaid, under the agreement, and with the consent and approval of the plaintiff; that therefore, of the proceeds of the sale, there is due plaintiff the sum of $1,107.41 only.

Plaintiff, replying to this, alleges that defendant is now estopped to make this claim, for the reason that they did not assert it earlier in the litigation, and that, in the former litigation, this claim has been adjudicated against the defendants.

Upon the issues thus tendered, the cause was tried to a jury, and a verdict rendered for the plaintiff for $1,107.41, being the full amount of plaintiff's claim, less the $433.07 allowed on defendant's counterclaim. The court, in submitting the case to the jury, did not submit plaintiff's claim for damages based on the alleged conspiracy between the defendant and the Lake Park State Bank, and did not submit the question of estoppel pleaded in the reply.

There was a direct issue as to whether or not there was any agreement between the plaintiff and defendant, as claimed by the defendant, touching the allowance of the rent due it from Rood Bros., and their right to retain a portion of the proceeds of the sale to discharge the same, and this question was submitted to the jury, and the jury found that the agreement was made between the plaintiff and defendant, as claimed by the defendant, and that there was $433.07 due the defendant from Rood Bros. as rent, and this was allowed as

against plaintiff's claim.  This finding is supported by the evidence.

The only question submitted to the jury and determined by it was whether or not the defendant was entitled to offset against the plaintiff's claim the $433.07 on account of rent due from the Rood Bros. to it.  The jury determined this question in favor of the defendant, under proper instructions, and we are not concerned with that matter on this appeal.

The question which we are required to determine from this record is whether or not the court erred in refusing to submit to the jury the plaintiff's claim for damages, based upon 1. CONSPIRACY: an alleged conspiracy between the defend-
evidence. ant and the Lake Park State Bank, in which it is charged that the two banks conspired together, wrongfully and fraudulently, to procure a garnishment of this defendant, and to secrete from the court the true facts in relation to the proceeds of the sale of the property in the hands of this defendant, and to make it appear that the property belonged to Rood Bros., and that the garnishee held it as the property of Rood Bros., and whether suit was brought by the Lake Park State Bank against Rood Bros. in pursuance of this conspiracy, and the defendant garnisheed, for the purpose of holding the property under such garnishment proceedings against the plaintiff.  This issue the court refused to submit to the jury, on the ground that there was no evidence supporting the claim of fraud or conspiracy, and in this we think the court was right.  There is no evidence of any conspiracy between these two banks, other than is found in the fact that the defendant assigned its note to the Lake Park State Bank; that subsequently suit was brought upon the note by the Lake Park State Bank; and that in that suit this defendant was garnisheed as the debtor of Rood Bros.

In this count the plaintiff does not seek to recover for the wrongful suing out of the attachment, and, if she does, she lays no ground for it.  The most that appears is that this defendant assigned its note to the Lake Park State Bank; that

the Lake Park State Bank commenced an action against Rood Bros., in which action they obtained judgment against Rood Bros., and in the suit caused a writ of attachment to issue, and this defendant bank to be garnished as the debtor of Rood Bros. It does not appear that this defendant in any way directed, advised, or encouraged the suing out of the writ of attachment, or directed, advised, or encouraged the garnishment of this defendant. The Lake Park State Bank had a right to contest with the plaintiff the claim of this fund, so that there is no basis for holding this defendant on that claim, or in holding that the defendant was guilty of any fraud in procuring the garnishment. To recover for conspiracy, the conspiracy must be shown and that an actionable wrong or tort was committed.

It is next contended, in the reply filed by the plaintiff, that the defendant is estopped from claiming a right to the offset against the amount due the plaintiff, for the reason that, if it had any claim, it should have asserted it in the garnishment proceedings, and, not having done so, it is now estopped to make such claim in this suit.

2. ESTOPPEL: failure to plead.

That question was not involved in the suit between the Lake Park State Bank and Rood Bros., nor was it involved in the intervention filed by the plaintiff, and the garnishee was not required to make the claim. He was not a party to that proceeding, nor to the intervention. In the suit between the Lake Park State Bank and Rood Bros., in which the garnishment was issued, the only entry that could be made by the court upon the plaintiff's petition of intervention (if the plaintiff succeeded in her intervention) was to order the property released, upon finding the intervener's lien superior to the lien of the Lake Park State Bank under its garnishment. See *Lake Park State Bank v. Rood Bros.*, 152 Iowa, 47.

We think there was no error on the part of the court in refusing to submit this issue to the jury.

The court, in its tenth instruction to the jury said:

If you find from the evidence that there was no oral agreement between the plaintiff and defendant as claimed, then the plaintiff will be entitled to recover the net proceeds of the sale, after deducting discount and auctioneer's expenses, . . . together with 6 per cent. interest from the 8th day of December, 1908. But if you believe from the evidence that such an oral agreement between the plaintiff and the defendant was made as claimed by the defendant, . . . then you will find the plaintiff entitled to recover the net proceeds of said sale, less the amount you find the defendant entitled, under the evidence, to retain out of the proceeds of said sale in discharge of his claim for rent, *without interest*.

In this, we think the court erred.

It appears, and is settled by the verdict of the jury, that the plaintiff received as the proceeds of the sale, after deducting its commission and auctioneer's expenses, $1,540.48; that

3. DAMAGES: interest.

$433.07 of the amount so received under the stipulation between the parties belonged to the defendant; that $1,107.41 in the hands of the defendant, belonged to the plaintiff; that defendant at all times knew the facts upon which their right to the possession of this fund rested; that the defendant has had in its possession during all of this time $1,107.41 of plaintiff's money; that defendant made no tender of the $1,107.41 to the plaintiff until the 14th day of March, 1912, at which time the defendant deposited with the clerk of the district court for the use and benefit of the plaintiff the sum of $1,107.41.

We think the defendant ought to be required to pay interest on this sum to the plaintiff from the 8th day of December, 1908, and the judgment and decree is therefore modified to this extent.

This being a mere matter of computation, the court from which this appeal was taken is hereby directed to enter judgment for the plaintiff against the defendant for $1,107.41,

with 6 per cent. interest from the 8th day of December, 1908, up to the time of the entry of the judgment.

As thus modified, the case is affirmed.

*Modified* and *Affirmed.*

LADD, C. J., and DEEMER and WITHROW, JJ., concur.