Benjamin B. Morris, Appellee, v. Vera Carroso et al., Defendants. Mercantile Trust and Savings Bank of Chicago (garnishee below). Clara Siegel (intervening petitioner below), Appellant.

Gen. No. 39,284.

Opinion filed December 14, 1937.
Rehearing denied December 28, 1937.

CHARLES J. TRAINOR, of Chicago, for appellant.

BENJAMIN B. MORRIS, *pro se.*

Mr. Justice John J. Sullivan delivered the opinion of the court.

On February 20, 1935, a judgment by confession for $4,283 was entered on certain gold bonds in favor of plaintiff, Benjamin B. Morris, and against Vera and George Carroso. Upon plaintiff's affidavit garnishee summons was issued and served upon Mercantile Trust and Savings Bank of Chicago, garnishee. In answer to interrogatories filed in the cause the garnishee filed an amended answer April 27, 1936, stating that it had in its possession in a savings account in the name of Vera Carroso $3,999, deposited by her December 6, 1934, that it held $519.98 in a checking account in the name of Vera Carroso, and that it also had in its possession accrued interest amounting to $13.33 on the savings account. Clara Siegel was granted leave to appear and file an intervening petition in which she claimed ownership of the funds held by the garnishee in the name of Vera Carroso. Plaintiff filed an answer denying the material allegations of the intervening petition. After a hearing judgment for $4,532.31 was entered by the court against the garnishee on its answer for the use of plaintiff. This appeal by the intervening petitioner seeks to reverse that judgment.

The intervening petition filed by Clara Siegel, April 9, 1936, alleged substantially that on November 30, 1934, she delivered to George Carroso a draft for $1,400 on the Shawmut National Bank of Boston, Mass., and a check for $4,000 drawn by her on the same bank, which draft and check were indorsed by the said George Carroso and deposited with the Mercantile Trust and Savings Bank of Chicago to the account of Vera Carroso; and that at the time said draft and check were delivered by Clara Siegel, it was expressly agreed between her and Vera Carroso "that the moneys so deposited with the Mercantile Trust and Savings Bank, both in connection with the savings ac-

count and the checking account . . . be held by said Vera Carroso in trust for your petitioner and for no other purpose whatsoever,'' that said Vera Carroso would ''pay your petitioner from the funds so deposited with the Mercantile Trust and Savings Bank, the sum of $125 per month, or such other sums as your petitioner would be in need of from time to time, it being expressly understood that such withdrawals by your petitioner from said deposits with the Mercantile Trust and Savings Bank were to be made exclusively from the checking account, and that the sum of $4,000 deposited in the savings account be kept intact for a period of three years,'' and that ''the moneys so deposited with the Mercantile Trust and Savings Bank, both in the savings account and the checking account'' in the name of Vera Carroso were deposited and held by her in trust for petitioner.

Plaintiff's answer to the intervening petition averred that ''all moneys deposited in the Mercantile Trust and Savings Bank in the name of Vera Carroso is the money of Vera Carroso''; that ''any checks or drafts delivered by Clara Siegel to George Carroso was money due to George Carroso''; and that the money deposited by Vera Carroso in said savings and checking accounts was her money and was not held by her in trust for Clara Siegel.

The salient, undisputed facts disclosed by the evidence in the record are that Clara Siegel, the intervening petitioner, lived in Boston, Massachusetts, with her husband and family; that upon the death of her husband in August, 1934, she collected $10,000 life insurance; that a large part of same was used by her to pay debts; that because many friends who knew she had received the insurance money were importuning her for loans, she decided to conserve most of what she had left by intrusting it to the care of her sister and brother-in-law in Chicago; that during the month of

November, 1934, she came to Chicago and brought with her a draft for $1,400 on the Shawmut National Bank of Boston payable to George Carroso, and while here drew a check for $4,000 on the same bank, also payable to George Carroso; that she requested George Carroso "to hold the money for my children and myself," to be returned to her from time to time as requested; that George Carroso refused to accept the money, stating that it would be better if his wife Vera Carroso, who was Clara Siegel's older sister, would take charge of the funds for her; and that the draft and check were indorsed by George Carroso and the savings account and checking account were opened in the Mercantile Trust and Savings Bank in the name of Vera Carroso, the former by the deposit of the $4,000 check and the latter by the deposit of the $1,400 draft.

The foregoing facts were established by the testimony of Clara Siegel, Vera Carroso and George Carroso, and by the draft for $1,400 and the check for $4,000 with the indorsements thereon, which were introduced in evidence. The checks drawn on the checking account by Vera Carroso were also presented in evidence. These checks were all drawn in favor of Clara Siegel except one and that was paid at her request to a Chicago merchant for a fur coat shipped to the intervening petitioner in Boston. The checks representing the withdrawals from the checking account for the benefit of Clara Siegel reduced the amount remaining on deposit therein to $519.98, while the savings account remained intact, the balance in same of $4,012.33 representing the original deposit and a small amount of accrued interest. It was these funds that the garnishee answered that it had in its possession.

No evidence was offered by plaintiff.

It is difficult to understand in the face of the uncontroverted facts upon what theory the trial court entered the judgment against the garnishee which appro-

priated money shown to belong to the intervening petitioner to the payment of a judgment against George and Vera Carroso.

It was conclusively established not only by the testimony of the witnesses but by the draft and check in evidence that the money deposited in the garnishee bank for which it accounted in its answer was the money of the intervening petitioner, brought by her from Boston for the purpose of intrusting it to the care of her sister or brother-in-law or both, and it was just as conclusively established by the testimony of the witnesses and the checks in evidence, which were drawn against the checking account in the garnishee bank by Vera Carroso for the sole benefit of Clara Siegel, that the former was merely the trustee of the funds deposited in said garnishee bank and that such funds constituted a trust fund of which the intervening petitioner was the sole beneficiary.

A judgment creditor has no greater right to the property in the hands of the garnishee than has the judgment debtor and it is only the judgment debtor's property and credits which can be reached by process of garnishment, not the property and credits which he has in trust for others. (*Hair v. North Western Nat. Bank*, 50 Ill. App. 211; *Dandridge v. Northern Trust Co.*, 218 Ill. App. 138.) The money in the accounts in the garnishee bank in the name of Vera Carroso, one of the original judgment debtors, was not subject to garnishment for the payment of the obligations of the said Vera Carroso since it was clearly shown to be the money of the intervening petitioner and held in trust for her by her sister.

To reach the conclusion it did, the trial court must have rejected the evidence offered by the intervening petitioner in its entirety. Was there any justification for its action in so doing? While the rule is that there may be such an inherent improbability in the state-

ments of witnesses as to induce the court to disregard their evidence even in the absence of any direct conflicting testimony (*Brown v. Chicago City Ry. Co.*, 155 Ill. App. 434, and cases cited therein), it is also the rule that where the testimony of witnesses is uncontradicted by positive testimony or circumstances and is not inherently improbable, it cannot be rejected. (*Larson v. Glos*, 235 Ill. 584; *Kelly v. Jones*, 290 Ill. 375.)

The reason given for the deposit of Clara Siegel's money in the name of Vera Carroso in the garnishee bank was convincing as to its truth, and not only was there nothing inherently improbable about the testimony offered in intervening petitioner's behalf, but it was substantially corroborated by the checks offered and received in evidence. In our opinion the evidence proved conclusively that the funds in question belonged to the intervening petitioner and that Vera Carroso was the trustee of same for the sole use and benefit of Clara Siegel.

The garnishee joined with the intervening petitioner in filing the notice of appeal herein, but because it did not see fit to also join with her in filing the abstract and brief in this court in the further prosecution of the appeal, it is urged that same should be dismissed. There is no merit in this contention. Plaintiff sought in the garnishment proceeding to have the funds in the hands of the garnishee, which the intervening petitioner claimed belonged to her, applied in payment of his judgment against the Carrosos. The judgment entered against the garnishee found in effect that the funds in its hands belonged to the Carrosos and not to the intervening petitioner, and there can be no question that the latter had the right to appeal from that judgment. (*Commercial Nat. Bank v. Payne*, 60 Ill. App. 346; *American Nat. Bank v. Western Hay & Grain Co.*, 69 Ill. App. 268; *Doretti v. Geo. E. Rice Po-*

*tato Co., Inc.,* 210 Ill. 300.)   Sec. 76 of the Civil Practice Act, Ill. Rev. Stat. 1937, ch. 110, § 200; Jones Ill. Stats. Ann. 104.076, provides as follows: ''An appeal shall be deemed perfected when the notice of appeal shall be filed in the lower court.  After being duly perfected no appeal shall be dismissed without notice, and no step other than that by which the appeal is perfected shall be deemed jurisdictional.''

As already stated the garnishee joined in the notice of appeal and the appeal was perfected when the same was filed in the municipal court.  Neither the fact that the garnishee declined to join in the execution of the appeal bond nor the additional fact that it refused to participate in the further prosecution of the appeal could possibly affect the intervening petitioner's right to have the judgment against the garnishee reviewed. The garnishee had no interest in the funds in its hands except as a mere stakeholder and was not concerned with their disposition except to be protected by a judicial determination as to their ownership.  The intervening petitioner had the right to use the name of the garnishee in filing the notice of appeal from the judgment, but manifestly she could not require it to join in the execution of the appeal bond or the further prosecution of the appeal if it refused to do so.  After the appeal was perfected this court could not be deprived of jurisdiction to determine the issues presented, which involved vital rights of the intervening petitioner, by the failure or refusal, for whatever reason, of the garnishee to persist in its prosecution of said appeal.

It is also urged by plaintiff that since the intervening petition of Clara Siegel was not disposed of in the trial court before the appeal was perfected there was no final judgment from which she could appeal.  This precise question was decided in *Commercial Nat. Bank v. Payne,* 60 Ill. App. 346, where the court said at p.

347: "It is well to note that there should not be a judgment, in form, for or against an interpleader in a case of garnishment, except for costs. We have followed in that particular. *Carpenter v. McClure,* 37 Vt. 127. See *Walton v. Detroit, etc., Mills,* 37 Ill. App. 204; *Grover v. Wells,* 40 Ill. App. 350.

"It follows that even if the judgment for costs be omitted, the interpleader has the right to appeal from a judgment charging the garnishee for the use of creditor of the defendant."

Plaintiff next contends that a judgment in a garnishment proceeding is binding on third parties claiming an interest in the funds in the hands of the garnishee. This is, of course, true unless such third parties appeal from such judgment within the time prescribed by statute and then it is equally true that the judgment abides the result of the appeal. Plaintiff states in his brief that "there is no rule of law which permits a garnishee to retain funds in his hands after final judgment, in the expectation that the defeated party may appeal . - . ." ; and that "the judgment has been fully paid and satisfied of record as more fully appears by a duly certified copy of said satisfaction of payment heretofore filed in connection with appellee's motion to dismiss the appeal herein." As has been heretofore stated the garnishee joined with the intervening petitioner in perfecting an appeal from the judgment rendered against it as such garnishee, and if thereafter it saw fit to take no further part in the proceedings on appeal that fact did not preclude Clara Siegel from filing a transcript of record on appeal, an abstract thereof and her brief in support of her contention that the judgment against the garnishee was erroneously entered. Whether the garnishee has paid the judgment to plaintiff or satisfied it of record is no concern of this court in determining the issues presented by this appeal. Certainly the payment to plaintiff by the

garnishee of the amount of the judgment rendered against it with full knowledge that this appeal was pending and undisposed of and without the consent of Clara Siegel could not militate against her rights.

The motion of plaintiff to dismiss this appeal, heretofore made and reserved to hearing, was based on the proposition that no final order was entered in the trial court disposing of the intervening petition and the further proposition that there was nothing before this court except a moot question since the judgment against the garnishee had been paid and satisfied. Since we have heretofore considered the ground urged in support of plaintiff's motion and held adversely to him as to same, it necessarily follows that his motion to dismiss the appeal is denied.

Such other points as have been urged have been considered, but in the view we take of this cause we deem further discussion unnecessary.

For the reasons stated herein the judgment of the municipal court is reversed and the cause remanded with directions to enter a judgment discharging the garnishee.

*Judgment reversed and cause remanded with directions.*

FRIEND, P. J., and SCANLAN, J., concur.